WALTCO TRUCK EQUIPMENT COMPANY, APPELLANT, *v.* CITY OF TALLMADGE BOARD OF ZONING APPEALS ET AL., APPELLEES.

[Cite as Waltco Truck Equip. Co. *v.* Tallmadge Bd. of Zoning Appeals (1988), 40 Ohio St. 3d 41.]

(No. 87-1553—Submitted September 21, 1988—Decided December 14, 1988.)

*Amer, Cunningham, Brennan Co., L.P.A., Nickolas P. Andreeff* and *Jack Morrison, Jr.,* for appellant.

*Haley Law Offices Co., L.P.A., E. William Haley, Jr.* and *Mary E. Frey,* for appellees.

H. BROWN, J. The issue before us is whether a board of zoning appeals in a non-chartered municipality has jurisdiction, pursuant to R.C. 713.11, to hear and determine an appeal from the grant of a zoning certificate. We hold that it does not.

Although the Tallmadge ordinances[1] appear to permit the board to hear appeals from the grant of zoning certificates, both parties agree that resolution of this case turns on the interpretation of R.C. 713.11, the enabling Act for municipal boards of zoning appeals.[2] R.C. 713.11 provides:

*"The legislative authority of a municipal corporation may create an administrative board* to administer the details of the application of the regulations under sections 713.06 to 713.12, inclusive, of the Revised Code, *and may delegate to such board,* in accordance with general rules and regulations to be set forth in the districting ordinances and regulations, *the power to hear and determine appeals from refusal of building permits by building commissioners or other officers,* to permit exceptions to and variations from the district regulations in the classes of cases or situations specified in the regulations, and to administer the regulations as specified therein. Such administrative powers and functions may be delegated by the legislative authority to the planning commission or board." (Emphasis added.)

The issue of whether R.C. 713.11 allows an appeal from the *grant* of a zoning certificate appears to be one of first impression.

The Morks and the board (appellees) contend that the language in R.C. 713.11 (which allows a zoning board "* * * to administer the regulations as specified therein * * *") permits a municipality to vest its board of zoning appeals with broad jurisdiction over a variety of administrative matters, including appeals from the grant of a zoning certificate. Otherwise, they argue, the board has no administrative means of correcting erroneous decisions of the city's zoning inspector. Further, they note that county and township zoning boards have broad jurisdictional power which is not limited to appeals from the refusal of zoning certificates. See R.C. 303.13(A); R.C. 519.14(A).

We recognize that statutes providing for appeals should be given a liberal interpretation in favor of appeal. *Van Meter* v. *Segal-Schadel Co.* (1966), 5 Ohio St. 2d 185, 34 O.O. 2d 345, 214 N.E. 2d 664, paragraph one of the syllabus. However, the only language in R.C. 713.11 which relates to appellate jurisdiction is that which

---

[1] Section 1137.07(a) of the Codified Ordinances of the city of Tallmadge, Ohio, provides:

"The Board of Zoning Appeals shall hear and determine all appeals from any decision or action of the Zoning Inspector in the administration or enforcement of the Zoning Ordinance. The Board of Zoning Appeals shall hear and determine all appeals from the refusal of the Zoning Inspector or Planning Commission to issue zoning certificates or conditional zoning certificates."

Tallmadge Codified Ordinances Section 1137.10(a) provides in part:

"Appeals to the Board of Zoning Appeals may be taken by any person, firm or corporation, or by any officer, board or department of the City, deeming himself or itself to be adversely affected by the decision of the administrative official or the Planning Commission pertaining hereto."

[2] The appellees have not contended, either here or in the courts below, that a board of zoning appeals for a non-charter municipality has jurisdiction, independent of state statutes, to hear appeals from the granting of a zoning certificate pursuant to Section 3, Article XVIII of the Ohio Constitution. See, generally, *Benevolent Assn.* v. *Parma* (1980), 61 Ohio St. 2d 375, 15 O.O. 3d 450, 402 N.E. 2d 519; *Wintersville* v. *Argo Sales Co.* (1973),.35 Ohio St. 2d 148, 64 O.O. 2d 88, 299 N.E. 2d 269; and *Morris* v. *Roseman* (1954), 162 Ohio St. 447, 55 O.O. 255, 123 N.E. 2d 419.

grants power to a zoning board "* * * to hear and determine appeals from *refusal* of building permits * * *." (Emphasis added.) This language does not require "interpretation."

The General Assembly, in enacting R.C. 713.11, was surely aware that building permits are often *granted* by zoning inspectors. By using the specific term "refusal," the legislature has expressed its intent that the jurisdiction of the board be limited to hearing appeals from refusals of building permits. The rule of statutory construction is that an expression of one specific power implies the intent to exclude other powers (*expressio unius est exclusio alterius*). See, generally, *Saunders* v. *Choi* (1984), 12 Ohio St. 3d 247, 249, 12 OBR 327, 329, 466 N.E. 2d 889, 892; *Bryant* v. *Dayton Casket Co.* (1982), 69 Ohio St. 2d 367, 372, 23 O.O. 3d 341, 343, 433 N.E. 2d 142, 145; *Cincinnati* v. *Roettinger* (1922), 105 Ohio St. 145, 152, 137 N.E. 6, 8.

Appellees make a strong policy argument. However, where jurisdiction is dependent upon a statutory grant, this court is without the authority to create jurisdiction when the statutory language does not. That power resides in the General Assembly. See, generally, *Penn Central Transp. Co.* v. *Pub. Util. Comm.* (1973), 35 Ohio St. 2d 97, 64 O.O. 2d 60, 298 N.E. 2d 587; *Davis* v. *State, ex rel. Kennedy* (1933), 127 Ohio St. 261, 187 N.E. 867; *Lindblom* v. *Bd. of Tax Appeals* (1949), 151 Ohio St. 250, 39 O.O. 66, 85 N.E. 2d 376; *Wachendorf* v. *Shaver* (1948), 149 Ohio St. 231, 36 O.O. 554, 78 N.E. 2d 370, paragraph five of the syllabus.

The Morks and the city are not without a remedy. In R.C. 713.13 the legislature has provided that, in the event of a zoning violation or imminent threat thereof, "* * * the municipal corporation, or the owner of any contiguous or neighboring property who would be especially damaged by such violation * * * may institute a suit for injunction to prevent or terminate such violation." Thus, either the Morks or the city could have brought a suit for injunction pursuant to R.C. 713.13.

We hold that R.C. 713.11 does not give a board of zoning appeals of a non-chartered municipality the jurisdiction to hear and determine appeals from the grant of a zoning certificate. Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to the trial court to vacate the decision of the board of zoning appeals.

*Judgment reversed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

LOCHER, J., concurring. I agree with today's interpretation of R.C. 713.11. However, I write separately to address my concern with the ultimate result of our ruling.

I find it unfortunate that, outside of pursuing a suit for injunction pursuant to R.C. 713.13, neighboring landowners like the Morks, and cities such as Tallmadge, are without remedy in cases such as the one at bar. Regrettably, overworked city officials such as zoning inspectors do err in *granting* requests for certificates, permits, and other documents of that nature, just as they err in *denying* such requests.

As our cities become more crowded and developed, the competition for real estate intensifies. Unsophisticated residential landowners may find themselves facing the prospect of having unwelcome neighbors such as hazardous waste treatment plants or landfills right next door. Thus, they are in need of all the "legal weapons" they can muster to lawfully

protest any unwanted intrusions upon the inviolability of their neighborhoods.

Therefore, I take this opportunity to urge the legislature to amend the language of R.C. 713.11 to allow appeals from the *grant* of a zoning certificate. I would also urge the city of Tallmadge to frame and adopt a charter pursuant to Section 7, Article XVIII of the Ohio Constitution if it wishes to determine its own plan of local self-government which would include instituting ordinances such as the one at bar. While in matters of substantive local self-government the chartered or non-chartered municipality distinction is irrelevant, non-chartered municipalities must adhere to state statute in *procedural* matters of local self-government pursuant to Section 3, Article XVIII of the Ohio Constitution. *Northern Ohio Patrolmen's Benevolent Assn.* v. *Parma* (1980), 61 Ohio St. 2d 375, 15 O.O. 3d 450, 402 N.E. 2d 519. See, also, *Wintersville* v. *Argo Sales Co.* (1973), 35 Ohio St. 2d 148, 64 O.O. 2d 88, 299 N.E. 2d 269; and *Morris* v. *Roseman* (1954), 162 Ohio St. 447, 55 O.O. 255, 123 N.E. 2d 419.

This required adherence can ultimately produce less than satisfying results in matters of local concern. Today's result will certainly be less than satisfying to the citizens and officials of Tallmadge.

WRIGHT, J., concurs in the foregoing concurring opinion.