Pfeifer, J.
{¶ 1} The issue before us is whether a determination by the Ohio Department of Education pursuant to R.C. 3314.015(B)(3) that an entity is not education-oriented, and thus is ineligible for sponsorship of community schools, is appeal-able in accordance with R.C. 119.12. We hold that R.C. 3314.015(D) grants such a right to review.
Factual and Procedural Background
{¶ 2} In November 2007, appellant, Brookwood Presbyterian Church (“Brook-wood”), submitted an application to appellee, Ohio Department of Education (“ODE”), to sponsor community schools in Ohio. Brookwood sought approval as a sponsor pursuant to R.C. 3314.02(C)(1)(f), which allows “education-oriented,” tax-exempt entities under Section 501(c)(3) of the Internal Revenue Code to sponsor community schools. Brookwood submitted information regarding both itself and its parent organization, the national Presbyterian Church USA. In March 2008, ODE determined that Brookwood is not eligible to sponsor community schools, concluding that it is not an “education-oriented” entity as required by R.C. 3314.02(C)(1)(f). Brookwood sought reconsideration of its eligibility to sponsor a community school, and on May 9, 2008, ODE again issued its determination that Brookwood was not eligible. ODE stated, “Despite the contributions of the Presbyterian Church USA, in your original application and in the recently supplied supporting documentation, Brookwood Presbyterian Church is the legal entity making application for sponsorship; not the Presbyterian Church USA, nor any of the colleges associated with it. The 501 c(3) [sic] documentation is for the national Presbyterian Church. Thus the national Presbyterian Church should be the applicant, not Brookwood Presbyterian Church. The national *470 Presbyterian Church is clearly organized for religious purposes. Brookwood Presbyterian Church, however, is the named applicant indicated in the original sponsorship application and supported by conversations with John Taracko and others in our office. Neither the national Presbyterian Church nor Brookwood Presbyterian Church is eligible to apply to become a sponsor. Also please know that no church has been approved as a sponsor.” (Emphasis sic.)
{¶ 3} Pursuant to R.C. 119.12, Brookwood filed an administrative appeal in the Franklin County Common Pleas Court. ODE filed a motion to dismiss the appeal for lack of subject-matter jurisdiction. The common pleas court granted ODE’s motion to dismiss and dismissed the appeal for lack of subject-matter jurisdiction.
{¶ 4} Brookwood appealed to the Tenth District Court of Appeals. On September 8, 2009, the court of appeals affirmed the judgment of the common pleas court. The court of appeals held that although R.C. 3314.015(D) states that ODE decisions disapproving an entity for sponsorship of a community school are appealable under R.C. 119.12, a more specific statute, R.C. 3314.015(B)(3), provides that ODE’s determination that an entity is not education-oriented is “final.” The court concluded that the ODE’s determination was thus not subject to appeal. 2009-Ohio-4645, 2009 WL 2872974, ¶ 9-10.
{¶ 5} The cause is before this court upon the acceptance of a discretionary appeal.
Law and Analysis
{¶ 6} R.C. 3301.13 states the general rule that the ODE “[i]n the exercise of any of its functions or powers * * * shall be subject to Chapter 119. of the Revised Code.” One of the statutory functions of ODE is to approve entities to be sponsors of community schools. R.C. 3314.015(A)(2). R.C. 3314.02(C)(1) sets forth six categories of entities that may become community-school sponsors, and R.C. 3314.02(C)(1)(f) makes eligible for sponsorship any qualified tax-exempt entity under Section 501(c)(3) of the Internal Revenue Code that (i) has been in operation for at least five years prior to applying to be a community-school sponsor, (ii) has assets of at least $500,000 and a demonstrated record of financial responsibility, (iii) has been determined by ODE to be an education-oriented entity under R.C. 3314.015(B)(3) and has a demonstrated record of successful implementation of educational programs, and (iv) is not a community school. R.C. 3314.02(C)(1)(f).
{¶ 7} Pursuant to R.C. 3314.015(B)(3), it is up to the ODE to determine, pursuant to criteria adopted by rule, whether the tax-exempt entity applying for sponsorship is education-oriented. R.C. 3314.015(B)(3) further provides, “Such determination of the department is final.”
*471 {¶ 8} ODE found that Brookwood is not an education-oriented entity as required under R.C. 3314.02(C)(l)(f)(iii) and denied its application for sponsorship. Brookwood seeks to appeal ODE’s determination pursuant to R.C. 3314.015(D). R.C. 3314.015(D) grants a right of appeal to entities disapproved for community-school sponsorship: “The decision of the department to disapprove an entity for sponsorship of a community school or to revoke approval for such sponsorship * * * may be appealed by the entity in accordance with section 119.12 of the Revised Code.”
{¶ 9} The crux of this case is the interplay between R.C. 3314.015(B)(3) and 3314.015(D). R.C. 3314.015(D) grants a right of appeal to entities disapproved for community-school sponsorship; the question is whether R.C. 3314.015(B)(3) takes it away in certain circumstances. ODE asserts that its determination that Brookwood is not education-oriented is final and therefore not subject to appeal based upon R.C. 3314.015(B)(3).
{¶ 10} R.C. 1.51 provides the guiding principle in determining the interaction between statutes: “If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both.” We should not, however, seek out a conflict where none exists.
{¶ 11} Whether R.C. 3314.015(D) and 3314.015(B)(3) conflict depends upon the meaning of “final” in regard to the board of education’s determination of whether an entity is education-oriented under R.C. 3314.015(B)(3). Does “final” mean that the administrative process is complete and the matter is ripe for appeal to the common pleas court, or does “final” mean that the unsuccessful, would-be sponsoring entity is consigned to an administrative abyss? We hold that R.C. 3314.015(B)(3) establishes that a determination that an entity is not education-oriented is a “decision of the department to disapprove an entity for sponsorship of a community school” under R.C. 3314.015(D) and therefore “may be appealed by the entity in accordance with section 119.12 of the Revised Code.”
{¶ 12} R.C. 3314.015(D) grants the right to an R.C. 119.12 appeal to any entity disapproved for sponsorship. R.C. 3314.015(B)(3) would conflict with R.C. 3314.015(D) if it stated that the department’s determination whether an entity is education-oriented was “not appealable.” It does not — it merely says that the determination is “final.” We can look to our own jurisprudence and the Ohio Constitution to determine the legal significance of the word “final.” In Walburn v. Dunlap, 121 Ohio St.3d 373, 2009-Ohio-1221, 904 N.E.2d 863, at ¶ 13, this court explained, “ ‘It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction.’ Gen. Ace. Ins. Co. v. Ins. Co. of N. Am. [1989], 44 Ohio St.3d [17] 20, 540 N.E.2d 266.” Section 3(B)(2), Article IV of the Ohio Constitution grants courts of appeals appellate jurisdiction “as may be provided by law to *472 review and affirm, modify, or reverse final orders or actions of administrative officers or agencies.” (Emphasis added.) Thus, in our system of law, “final” can mean the opposite of “not appealable.”
{¶ 13} Had the General Assembly intended that the department’s determination of whether an entity is education-oriented not be subject to administrative appeal, it could have done so by appropriate language, i.e., by specifying that the department’s decision is final and not subject to appeal. See Riedel v. Consol. Rail Corp., 125 Ohio St.3d 358, 2010-Ohio-1926, 928 N.E.2d 448, ¶ 9 (General Assembly would have used specific language if it had intended R.C. 2307.93(C) to administratively dismiss an entire tort action instead of simply a claim). In fact, the General Assembly has employed this language carefully to specify when certain final actions are not appealable. See R.C. 2712.21 (decision by common pleas court regarding appointment of arbitrator “is final and not subject to appeal”), 3318.051(E) (decision of School Facilities Commission to approve or not approve transfer of money under section “is final and not subject to appeal”), and 5126.0214 (decision of director of developmental disabilities whether to waive removal requirement “is final and not subject to appeal”). The statute at issue here includes no comparable prohibition against appealability.
{¶ 14} Appellee points to appellate court decisions holding that a statute’s characterization of an administrative body’s holding as final precludes review through an R.C. 119.12 appeal. See, e.g., Carney v. School Emps. Retirement Sys. Bd. (1987), 39 Ohio App.3d 71, 528 N.E.2d 1322 (holding that a statute precluded an administrative appeal from a decision of the School Employees Retirement System’s board because the decision was final according to statute); State ex rel. Shumway v. Ohio State Teachers Retirement Bd. (1996), 114 Ohio App.3d 280, 284, 683 N.E.2d 70, fn. 1 (holding that a statute precluded an administrative appeal from a decision of the State Teachers Retirement System board because the statute provided, “Any determination of the board under this division shall be final”); Heartland Jockey Club, Ltd. v. Ohio State Racing Comm. (Aug. 3, 1999), 10th Dist. No. 98AP-1465, 1999 WL 566857 (holding that a statute that provides that a decision of the State Racing Commission is “final” is not subject to appeal through R.C. 119.12).
{¶ 15} The cases cited by ODE are inapposite. In those cases, the statutes lacked what is present in this case — a specific, statutory grant of jurisdiction to the trial court to review the decisions of the administrative body pursuant to R.C. 119.12. Here, that makes all the difference.
{¶ 16} Why did the General Assembly term the ODE’s determination of whether an entity is education-oriented “final”? Ours is not to question why. But of the four requirements set forth in R.C. 3314.02(C)(1)(f) for a tax-exempt entity to qualify as a community-school sponsor, the board’s determination of the *473 other three qualifiers is mechanical: whether the entity “has been in operation for at least five years prior to applying to be a community school sponsor,” R.C. 3314.02(C)(1)(f)(i); whether the entity “has assets of at least five hundred thousand dollars and a demonstrated record of financial responsibility,” R.C. 3314.02(C)(1)(f)(ii); and whether the entity “is not a community school,” R.C. 3314.02(C)(1)(f)(iv). Those factors are black-and-white. Only the “education-oriented” factor requires a nuanced approach requiring a subjective and substantive judgment of the board. It is a determination different in character from the other R.C. 3314.02(C)(1)(f) factors. And by calling that determination “final” but not calling it “not subject to appeal,” the General Assembly has concluded that that judgment is susceptible of review pursuant to R.C. 119.12.
{¶ 17} The ODE asserts that there is a two-tiered process for approving community-school sponsors, a preliminary judgment of eligibility followed by an application review. The ODE argues that the application process is open only to an “eligible entity” and that its R.C. 3314.015(B)(3) “education-oriented” determination is part of determining eligibility to apply for sponsorship. The ODE further argues that the R.C. 3314.015(D) right to appeal is granted only to “eligible entities” disapproved for sponsorship. However, the statutes at issue set up no such two-tiered process and do not use the term “eligible entity.” Although the Administrative Code at times uses the term “eligible entity,” it does not use that term in describing the right to appeal. Ohio Adm.Code 3301-102-03(G) uses the language of the statute, referring to the right to appeal of “an entity,” not “an eligible entity”:
{¶ 18} “The decision of the department to disapprove an entity for sponsorship of a community school may be appealed by the entity in accordance with section 119.12 of the Revised Code.”
{¶ 19} Thus, even if the ODE employs a two-tiered approval process for community-school sponsorship, the right to appeal applies to an entity disapproved at either tier.
{¶ 20} The determination of whether an entity is education-oriented is substantive and important. R.C. 3314.015(B)(3) and 3314.015(D) should be construed so as not to conflict, allowing an entity to appeal the board’s R.C. 3314.02(C)(1)(f)(iii) determination. The board’s power to determine whether an entity is education-oriented is no trifle, and the grant of a right to appeal in R.C. 3314.015(D) is a check on that power.
{¶ 21} Accordingly, we reverse the judgment of the court of appeals and remand the cause to the trial court.
Judgment reversed and cause remanded.
*474 Lundberg Stratton, O’Connor, O’Donnell, and Lanzinger, JJ., concur.
Brown, C.J., and Cupp, J., dissent.