**THE STATE EX REL. DEWINE, APPELLEE, *v.* COURT OF CLAIMS OF OHIO, APPELLANT.**

**[Cite as *State ex rel. DeWine v. Court of Claims of Ohio,* 130 Ohio St.3d 244, 2011-Ohio-5283.]**

*The Court of Claims lacks jurisdiction to review decisions of the attorney general granting or denying payment of attorney fees in connection with an award of reparations filed on behalf of a victim of a crime.*

(No. 2010-1837—Submitted May 10, 2011—Decided October 18, 2011.)

APPEAL from the Court of Appeals for Franklin County,

No. 09AP-863, 190 Ohio App.3d 161, 2010-Ohio-4437.

_____

**SYLLABUS OF THE COURT**

The Court of Claims lacks jurisdiction to review decisions of the attorney general granting or denying payment of attorney fees in connection with an award of reparations filed on behalf of a victim of a crime.

_____

**O'DONNELL, J.**

{¶ 1} The question we address in this appeal is whether the Court of Claims of Ohio has jurisdiction to entertain an appeal from a decision of the attorney general granting or denying an award of attorney fees for preparing an application for reparations on behalf of a claimant. In this case, the Court of Claims assumed jurisdiction over a decision of the attorney general awarding attorney fees. Subsequently, the attorney general obtained both a writ of mandamus directing the Court of Claims to vacate its decision and dismiss the appeal and a writ of prohibition ordering the Court of Claims to refrain from

exercising jurisdiction over similar appeals from other attorney general decisions on attorney fees made pursuant to R.C. 2743.65.

{¶ 2} The Court of Claims now appeals as of right to this court, contending that it has jurisdiction over all matters related to appeals from decisions of the attorney general regarding awards of reparations, including awards or denials of attorney fees.

{¶ 3} The Court of Claims lacks jurisdiction to review decisions of the attorney general granting or denying payment of attorney fees in connection with an award of reparations filed on behalf of a victim of a crime. Therefore, we affirm the judgment of the court of appeals.

### Facts and Procedural History

{¶ 4} Attorney Jack Carney-DeBord submitted attorney-fee applications to the Ohio Attorney General requesting a total of $1,563.75 for representing Joseph Fletcher in connection with Fletcher's application for crime-victim reparations. Pursuant to the provisions of R.C. 2743.65(A)(2), the attorney general made a maximum final award of $1,020 to Carney-DeBord.

{¶ 5} After the attorney general denied a request for reconsideration, Carney-DeBord appealed the award of attorney fees to the Court of Claims. The attorney general moved to dismiss that appeal, asserting that the court lacked jurisdiction to act, but a Court of Claims panel of commissioners denied that motion and affirmed the $1,020 attorney fee awarded by the attorney general. *In re Fletcher* (Feb. 9, 2009), Ct.Cl. No. V2006-20836. The attorney general then appealed the denial of the motion to dismiss for lack of jurisdiction, and on review of that appeal, a judge of the Court of Claims affirmed the decision of the panel, concluding that pursuant to R.C. 2743.53(A) and 2743.55(A), the Court of Claims had jurisdiction to hear an appeal from the attorney general's award of attorney fees. *In re Fletcher* (July 2, 2009), Ct.Cl. No. V2006-20836.

{¶ 6} The attorney general then sought both a writ of mandamus to compel the Court of Claims to vacate its decision and dismiss the appeal for lack of jurisdiction and a writ of prohibition to prevent the Court of Claims from reviewing similar appeals from other decisions of the attorney general granting or denying requests for attorney fees filed pursuant to R.C. 2743.65.

{¶ 7} The Tenth District Court of Appeals issued the requested writs, holding that the Victims of Crime Act provides no authority for the Court of Claims to review a decision of the attorney general granting or denying payment of attorney fees for preparing a claim for crime-victim reparations and explaining that the attorney general's decision in this regard is final pursuant to R.C. 2743.65.

{¶ 8} The Court of Claims now appeals to this court as of right, contending that R.C. 2743.53(A), part of the Victims of Crime Act, vests it with appellate jurisdiction over all matters related to appeals from decisions of the attorney general's award of reparations, including decisions granting or denying payment of attorney fees. The court also maintains that the General Assembly did not expressly state that the attorney general's decision on attorney fees is final *and not appealable*, and it further asserts that because the fees are paid from the reparations fund, they are a form of reparations. Thus, the Court of Claims believes it has jurisdiction to consider an appeal from a decision of the attorney general granting or denying payment of attorney fees for preparing an application for reparations on behalf of a claimant.

{¶ 9} In response, the attorney general argues that because the Court of Claims is a statutorily created court, it may exercise only the jurisdiction specifically conferred upon it by the General Assembly, and therefore, its appellate jurisdiction may not be implied but must be expressly provided by statute. According to the attorney general, the statute authorizing the payment of fees to an attorney for assisting a claimant in applying for reparations does not

also authorize a right to appeal an award of those fees to the Court of Claims. The attorney general further maintains that Carney-DeBord cannot be considered a claimant appealing an award of reparations, because the statutes expressly distinguish between the claimant and the attorney representing the claimant and because the fees charged by an attorney for preparing a claim are excluded by statute from an award of reparations. For these reasons, the attorney general contends that the Court of Claims patently and unambiguously lacked jurisdiction to hear the appeal in this case and that the court of appeals properly granted the writs in this case.

{¶ 10} Accordingly, we are called upon to decide whether the Court of Claims has jurisdiction to hear appeals from the attorney general's decisions granting or denying payment of fees to attorneys for seeking awards of reparations on behalf of victims of crime.

**Law and Analysis**

{¶ 11} The Victims of Crime Act establishes a reparations fund in the state treasury to compensate persons for economic loss resulting from criminally injurious conduct. See R.C. 2743.191. Further, R.C. 2743.52(A) directs the attorney general to "make awards of reparations for economic loss arising from criminally injurious conduct, if satisfied by a preponderance of the evidence that the requirements for an award of reparations have been met."

{¶ 12} The act authorizes an appeal from decisions of the attorney general in connection with awards of reparations, providing in R.C. 2743.52(B), "A court of claims panel of commissioners or a judge of the court of claims has appellate jurisdiction to order awards of reparations for economic loss arising from criminally injurious conduct * * *."

{¶ 13} Specifically, R.C. 2743.61(B) provides that "[a] *claimant* may appeal an award of reparations, the amount of an award of reparations, or the denial of a claim for an award of reparations that is made by a final decision of

4

the attorney general after any reconsideration." (Emphasis added.) No other provision of the act, however, establishes a right to appeal from a decision of the attorney general.

{¶ 14} The questions presented in this case, therefore, are who may qualify as a claimant as that term is used in R.C. 2743.61(B) and what is the nature of the relationship between R.C. 2743.61 and R.C. 2743.65. In interpreting a statute, our duty is to ascertain the legislative intent as manifested in the words of the statute. *Proctor v. Kardassilaris*, 115 Ohio St.3d 71, 2007-Ohio-4838, 873 N.E.2d 872, ¶ 12.

{¶ 15} The General Assembly has defined the term "claimant" in R.C. 2743.51(A) to mean a person who claims an award of reparations as a victim of a crime, a dependent of a deceased victim, a third person who assumes the legal obligations of a victim, a person who is authorized to act on behalf of any of the above, or the estate of a deceased victim. The Court of Claims urges that because attorneys are authorized to act on behalf of victims of crime, they are claimants as defined in R.C. 2743.51(A), but they are not.

*Fees Are Not Reparations*

{¶ 16} The fees charged by an attorney in preparing a claim for reparations are not recoverable as part of an award of reparations. While the Victims of Crime Act directs the attorney general to make an award of reparations to the claimant for economic loss, R.C. 2743.52(A), the term "economic loss" is defined in R.C. 2743.51(E) and (F)(4) to include only the attorney fees "incurred to successfully obtain a restraining order, custody order, or other order to physically separate a victim from an offender, if the attorney has not received payment under section 2743.65 of the Revised Code for assisting a claimant with an application for an award of reparations." The General Assembly, however, did not include within the definition of "economic loss" attorney fees for assisting a

claimant to apply for an award of reparations, and therefore, attorney fees for preparing such a claim are not recoverable as part of an award of reparations.

{¶ 17} R.C. 2743.71(B)(3) further clarifies that "[a]n attorney who represents an applicant for an award of reparations cannot charge the applicant for the services rendered in relation to that representation but is required to apply to the attorney general for payment for the representation." Thus, an attorney who requests these types of fees is not seeking reimbursement for the victim's economic loss on behalf of the claimant, but rather is requesting payment from the reparations fund for services the attorney rendered.

{¶ 18} As a further indication that it did not intend attorney fees to be part of an award of reparations, the General Assembly provided a separate statute, R.C. 2743.65, to compensate attorneys who represent claimants. In this section, the legislature distinguished between claimants and attorneys representing claimants. R.C. 2743.65(A) states: "The attorney general shall determine, and the state shall pay, in accordance with this section attorney's fees, commensurate with services rendered, to the attorney representing a claimant under sections 2743.51 to 2743.72 of the Revised Code. The attorney shall submit on an application form an itemized fee bill at the rate of sixty dollars per hour upon receipt of the final decision on the claim." The statute also establishes maximum amounts that may be paid for particular services rendered and authorizes the attorney general to determine the amount of attorney fees allowed in each case.

*Jurisdiction of the Court of Claims*

{¶ 19} The Court of Claims is a statutorily created court. See R.C. 2743.03. In *State ex rel. Johnson v. Perry Cty. Court* (1986), 25 Ohio St.3d 53, 54, 25 OBR 77, 495 N.E.2d 16, in which this court considered whether county courts have jurisdiction through inherent power or by statute to punish contempt, we explained that "[a] court created by statute * * * has only limited jurisdiction,

6

and may exercise only such powers as are directly conferred by legislative action."

{¶ 20} Further, we held in *Truman v. Walton* (1899), 59 Ohio St. 517, 525, 53 N.E. 57, that "[t]he court held by a village mayor is of limited jurisdiction. His power to try persons accused of violating village ordinances or the criminal laws of the state is only such as has been conferred by statute. If such jurisdiction has not been thus created, it does not exist." See also *Cheap Escape Co., Inc. v. Haddox, L.L.C.*, 120 Ohio St.3d 493, 2008-Ohio-6323, 900 N.E.2d 601, ¶ 7 ("municipal courts are statutorily created, R.C. 1901.01, and their subject-matter jurisdiction is set by statute").

{¶ 21} Similarly, the jurisdiction of the Court of Claims is limited by statute and specifically confined to the powers conferred by the legislature.

{¶ 22} In contrast to R.C. 2743.52(B) and 2743.61(B), which expressly confer appellate jurisdiction on the Court of Claims to hear appeals from decisions granting or denying awards of reparations to *claimants*, the General Assembly, in enacting R.C. 2743.65, did not confer appellate jurisdiction on the Court of Claims to hear appeals from decisions of the attorney general granting or denying payment of fees to *attorneys* for seeking reparations on behalf of claimants. Thus, no statutory authorization exists for the Court of Claims to consider such appeals, and as it is a court of limited jurisdiction, it can exercise only the authority specifically conferred on it by statute.

{¶ 23} Thus, the Victims of Crime Act distinguishes between a claimant who alleges entitlement to an award of reparations and an attorney who requests attorney fees for submitting a claimant's application for reparations. An attorney who requests fees from the attorney general for preparing a claimant's application for reparations is not a claimant for purposes of R.C. 2743.61(B) and cannot appeal to the Court of Claims on that basis. Although the legislature has provided for a claimant to have the right to appeal to the Court of Claims from an award of

reparations, it has not similarly provided for an attorney seeking payment of legal fees for representing such a claimant to also have the right to appeal to the Court of Claims from a decision of the attorney general granting or denying an award of attorney fees. And because the Victims of Crime Act does not provide the right to appeal from an attorney-fee decision of the attorney general or confer jurisdiction on the Court of Claims to hear such an appeal, the court has no jurisdiction to review such an award.

### Conclusion

{¶ 24} The Court of Claims of Ohio lacks jurisdiction to consider appeals from decisions of the attorney general granting or denying attorney fees for seeking reparations on behalf of a victim of crime. Accordingly, the appellate court properly issued writs of mandamus and prohibition compelling the Court of Claims to vacate its decision and dismiss the appeal and prohibiting the Court of Claims from hearing similar appeals from decisions of the attorney general on attorney-fee applications in the future. For these reasons, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and LANZINGER and CUPP, JJ., concur.

PFEIFER, LUNDBERG STRATTON, and MCGEE BROWN, JJ., dissent.

_____

**PFEIFER, J., dissenting.**

*Attorneys as Claimants to Recover Fees*

{¶ 25} As the majority opinion notes, the dispositive issue is whether the Victims of Crime Act authorizes the Court of Claims to exercise appellate jurisdiction over the attorney general's grant or denial of a request for attorney fees associated with representing an applicant for crime-victim reparations. R.C. 2743.61(B) authorizes a claimant to appeal "the denial of a claim for an award of

reparations that is made by a final decision of the attorney general after any reconsideration."

{¶ 26} The term "claimant," as used in R.C.2743.51 to 2743.72, means certain persons claiming an award of reparations under the Victims of Crime Act, including "[a] person who is authorized to act on behalf of any [such] person." R.C. 2743.51(A)(1)(d) and (2)(d). For R.C. Chapter 2743, the term "claim for an award of reparations" or "claim" means "a claim for an award of reparations made under sections 2743.51 to 2743.72 of the Revised Code." R.C. 2743.01(C). R.C. 2743.65, which is within the sections specified for the definitional terms "claimant" and "claim for an award of reparations," authorizes an attorney representing a crime-victims-reparations claimant to request attorney fees.

{¶ 27} Based on the above-referenced statutes, it is clear that the court of appeals erred in holding that the Court of Claims lacked appellate jurisdiction over the attorney general's final decision on Carney-DeBord's requests for attorney fees in a crime-victim-reparations matter. R.C. 2743.61(B) authorizes an appeal to the Court of Claims by a "claimant" from "the denial of a claim for an award of reparations that is made by a final decision of the attorney general after any reconsideration." An attorney who represents an applicant for crime-victim reparations is a "claimant" because the attorney "is authorized to act on behalf of" the applicant. R.C. 2743.51(A)(1)(d) and (2)(d). And the attorney's appeal from the denial of a request for attorney fees for the representation of the applicant is the denial of a "claim for an award of reparations" because an attorney fee awarded under R.C. 2743.65 is "an award made under sections 2743.51 to 2743.72 of the Revised Code." R.C. 2743.01(C). Finally, the denial of the attorney's claim is made final by a determination of the attorney general after any reconsideration. R.C. 2743.65(C)(2).

{¶ 28} Despite the unambiguous language of these provisions, the majority opinion concludes that fees charged by an attorney in preparing a claim

are not recoverable as part of an award of reparations because of R.C. 2743.51(F)(4). That conclusion is based on a misinterpretation of R.C. 2743.51(F)(4).

{¶ 29} R.C. 2743.52(A) authorizes reparations for "economic loss," which consists of "allowable expenses," R.C. 2743.51(E). And allowable expenses include "reasonable charges incurred for reasonably needed * * * services." R.C. 2743.51(F)(1). This definition is broad enough to encompass attorney fees incurred in securing crime-victim reparations. Furthermore, R.C. 2743.51(F)(4)(b) provides that " '[a]llowable expense' includes attorney's fees * * * incurred to successfully obtain a restraining order, custody order, or other order to physically separate a victim from an offender" in certain circumstances. By using the phrase " 'allowable expense' includes," it is clear that the General Assembly was not setting forth an exhaustive list. See *Gilman v. Hamilton Cty. Bd. of Revision*, 127 Ohio St.3d 154, 2010-Ohio-4992, 937 N.E.2d 109, ¶ 15 (holding that by using the phrase "owner includes" in R.C. 323.151(A)(2), the General Assembly intended a nonexhaustive list).

{¶ 30} Therefore, R.C. 2743.51(F)(4) does not provide that attorney fees are allowable expenses only if the attorney has not received payment under R.C. 2743.65. Rather, R.C. 2743.51(F)(4) establishes limits on attorney fees considered to be allowable expenses for fees incurred for successfully obtaining a restraining order, custody order, or other order to physically separate a victim from an offender. Contrary to the conclusion reached by the majority, R.C. 2743.51(F)(4) does not restrict attorney fees recoverable as part of an award of reparations to the types of legal assistance specified therein. And if the General Assembly had so intended, it would have used language specifying such.

{¶ 31} The plain language of the applicable provisions justified the Court of Claims' exercise of appellate jurisdiction over Carney-DeBord's appeal. Because these provisions are unambiguous, we must apply them rather than

construe them. *State ex rel. Brinda v. Lorain Cty. Bd. of Elections*, 115 Ohio St.3d 299, 2007-Ohio-5228, 874 N.E.2d 1205, ¶ 25.

*Final and Appealable Order*

{¶ 32} The court of appeals also determined that because R.C. 2743.65(C)(2) specifies that the attorney general's decision on an attorney's request for fees is "final" but does not also specify that it is appealable, no appeal from such a decision to the Court of Claims is available. For the following reasons, that determination is incorrect.

{¶ 33} In *Brookwood Presbyterian Church v. Ohio Dept. of Edn.*, 127 Ohio St.3d 469, 2010-Ohio-5710, 940 N.E.2d 1256, ¶ 11, we held that a decision of the Ohio Department of Education denying a church's application to sponsor community schools in Ohio because it was not an education-oriented entity was appealable notwithstanding a statutory provision specifying that the department's determination was final. We observed, "Had the General Assembly intended that the department's determination of whether an entity is education-oriented not be subject to administrative appeal, it could have * * * specif[ied] that the department's decision is final and not subject to appeal," as it had done in various other statutory provisions. Id. at ¶ 13.

{¶ 34} Similarly, the General Assembly did not specify that the attorney general's attorney-fee decisions made under R.C. 2743.65 are not subject to appeal. To the contrary, R.C. 2743.61 confers appellate jurisdiction on the Court of Claims over attorneys' claims for fees for their representation of crime-victim-reparations applicants. Moreover, although a specific statute generally prevails over a general statute if they cannot be reconciled so as to give effect to both, see *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, 943 N.E.2d 522, ¶ 31-32, "[w]e should not * * * seek out a conflict where none exists," *Brookwood* at ¶ 10. Here, as detailed previously, the language of the applicable provisions can be read to give effect to all of them, including R.C. 2743.61 and

2743.65.  The fact that the attorney general's attorney-fee decision is final pursuant to R.C. 2743.65(C)(2) is consistent with the authorization in R.C. 2743.61(B) for the Court of Claims to exercise appellate jurisdiction over "the denial of a claim for an award of reparations that is made by a final decision of the attorney general after any reconsideration."

{¶ 35} Even though *Brookwood* is squarely on point with respect to whether the determination in this case is appealable, neither the attorney general nor the majority opinion mentions it.

{¶ 36} R.C. 2743.53(A) provides that "[a] court of claims panel of commissioners shall hear and determine all matters relating to appeals from decisions of the attorney general pursuant to sections 2743.51 to 2743.72 of the Revised Code."  The attorney-fee appeals to the Court of Claims in this case and in similar cases are authorized by R.C. 2743.61 and 2743.65.  Furthermore, under R.C. 2743.53(A), the Court of Claims may hear and determine all matters related to the appeals.

{¶ 37} This conclusion is supported by the principle that "statutes providing for appeals should be given a liberal interpretation in favor of appeal." *Waltco Truck Equip. Co. v. Tallmadge Bd. of Zoning Appeals* (1988), 40 Ohio St.3d 41, 42, 531 N.E.2d 685.

*Conclusion*

{¶ 38} Based on the foregoing, I conclude that the Court of Claims properly exercised appellate jurisdiction over Carney-DeBord's appeal and that the attorney general established neither a clear legal right to vacation of the court's decision and dismissal of the appeal nor a corresponding clear legal duty on the part of the court to perform these requested acts.  Therefore, the court of appeals erred in granting the writ of mandamus.

{¶ 39} Moreover, the attorney general cannot establish that the exercise of appellate jurisdiction by the Court of Claims in these cases is unauthorized by

law.  To the contrary, the court's exercise of appellate jurisdiction is authorized by R.C. 2743.61.  Therefore, the court of appeals also erred in granting the writ of prohibition.

{¶ 40} The attorney general failed to establish his entitlement to the requested extraordinary relief in mandamus and prohibition.  The Court of Claims properly exercised appellate jurisdiction over the appeal from the attorney general's attorney-fee decision in the crime-victim-reparations case.  Therefore, the judgment of the court of appeals should be reversed, and the writs should be denied.  I dissent.

LUNDBERG STRATTON and MCGEE BROWN, JJ., concur in the foregoing opinion.

_____

Michael DeWine, Attorney General, and Elise Porter, Assistant Attorney General, for appellee.

Aaron D. Epstein and Damian W. Sikora, Assistant Attorneys General, for appellant.

_____