Pfeifer, J.,
dissenting.

Attorneys as Claimants to Recover Fees

{¶ 25} As the majority opinion notes, the dispositive issue is whether the Victims of Crime Act authorizes the Court of Claims to exercise appellate jurisdiction over the attorney general’s grant or denial of a request for attorney fees associated with representing an applicant for crime-victim reparations. R.C. 2743.61(B) authorizes a claimant to appeal “the denial of a claim for an award of reparations that is made by a final decision of the attorney general after any reconsideration.”
{¶ 26} The term “claimant,” as used in R.C. 2743.51 to 2743.72, means certain persons claiming an award of reparations under the Victims of Crime Act, including “[a] person who is authorized to act on behalf of any [such] person.” R.C. 2743.51(A)(1)(d) and (2)(d). For R.C. Chapter 2743, the term “claim for an award of reparations” or “claim” means “a claim for an award of reparations made under sections 2743.51 to 2743.72 of the Revised Code.” R.C. 2743.01(C). R.C. 2743.65, which is within the sections specified for the definitional terms *250 “claimant” and “claim for an award of reparations,” authorizes an attorney representing a crime-victims-reparations claimant to request attorney fees.
{¶27} Based on the above-referenced statutes, it is clear that the court of appeals erred in holding that the Court of Claims lacked appellate jurisdiction over the attorney general’s final decision on Carney-DeBord’s requests for attorney fees in a crime-victim-reparations matter. R.C. 2743.61(B) authorizes an appeal to the Court of Claims by a “claimant” from “the denial of a claim for an award of reparations that is made by a final decision of the attorney general after any reconsideration.” An attorney who represents an applicant for crime-victim reparations is a “claimant” because the attorney “is authorized to act on behalf of’ the applicant. R.C. 2743.51(A)(1)(d) and (2)(d). And the attorney’s appeal from the denial of a request for attorney fees for the representation of the applicant is the denial of a “claim for an award of reparations” because an attorney fee awarded under R.C. 2743.65 is “an award made under sections 2743.51 to 2743.72 of the Revised Code.” R.C. 2743.01(C). Finally, the denial of the attorney’s claim is made final by a determination of the attorney general after any reconsideration. R.C. 2743.65(C)(2).
{¶ 28} Despite the unambiguous language of these provisions, the majority opinion concludes that fees charged by an attorney in preparing a claim are not recoverable as part of an award of reparations because of R.C. 2743.51(F)(4). That conclusion is based on a misinterpretation of R.C. 2743.51(F)(4).
{¶ 29} R.C. 2743.52(A) authorizes reparations for “economic loss,” which consists of “allowable expenses,” R.C. 2743.51(E). And allowable expenses include “reasonable charges incurred for reasonably needed * * * services.” R.C. 2743.51(F)(1). This definition is broad enough to encompass attorney fees incurred in securing crime-victim reparations. Furthermore, R.C. 2743.51(F)(4)(b) provides that “ ‘[allowable expense’ includes attorney’s fees * * * incurred to successfully obtain a restraining order, custody order, or other order to physically separate a victim from an offender” in certain circumstances. By using the phrase “ ‘allowable expense’ includes,” it is clear that the General Assembly was not setting forth an exhaustive list. See Gilman v. Hamilton Cty. Bd. of Revision, 127 Ohio St.3d 154, 2010-Ohio-4992, 937 N.E.2d 109, ¶ 15 (holding that by using the phrase “owner includes” in R.C. 323.151(A)(2), the General Assembly intended a nonexhaustive list).
{¶ 30} Therefore, R.C. 2743.51(F)(4) does not provide that attorney fees are allowable expenses only if the attorney has not received payment under R.C. 2743.65. Rather, R.C. 2743.51(F)(4) establishes limits on attorney fees considered to be allowable expenses for fees incurred for successfully obtaining a restraining order, custody order, or other order to physically separate a victim from an offender. Contrary to the conclusion reached by the majority, R.C. *251 2743.51(F)(4) does not restrict attorney fees recoverable as part of an award of reparations to the types of legal assistance specified therein. And if the General Assembly had so intended, it would have used language specifying such.
{¶ 31} The plain language of the applicable provisions justified the Court of Claims’ exercise of appellate jurisdiction over Carney-DeBord’s appeal. Because these provisions are unambiguous, we must apply them rather than construe them. State ex rel. Brinda v. Lorain Cty. Bd. of Elections, 115 Ohio St.3d 299, 2007-Ohio-5228, 874 N.E.2d 1205, ¶ 25.

Final and Appealable Order

{¶ 32} The court of appeals also determined that because R.C. 2743.65(C)(2) specifies that the attorney general’s decision on an attorney’s request for fees is “final” but does not also specify that it is appealable, no appeal from such a decision to the Court of Claims is available. For the following reasons, that determination is incorrect.
{¶ 33} In Brookwood Presbyterian Church v. Ohio Dept. of Edn., 127 Ohio St.3d 469, 2010-Ohio-5710, 940 N.E.2d 1256, ¶ 11, we held that a decision of the Ohio Department of Education denying a church’s application to sponsor community schools in Ohio because it was not an education-oriented entity was appeal-able notwithstanding a statutory provision specifying that the department’s determination was final. We observed, “Had the General Assembly intended that the department’s determination of whether an entity is education-oriented not be subject to administrative appeal, it could have * * * specified] that the department’s decision is final and not subject to appeal,” as it had done in various other statutory provisions. Id. at ¶ 13.
{¶ 34} Similarly, the General Assembly did not specify that the attorney general’s attorney-fee decisions made under R.C. 2743.65 are not subject to appeal. To the contrary, R.C. 2743.61 confers appellate jurisdiction on the Court of Claims over attorneys’ claims for fees for their representation of crime-victim-reparations applicants. Moreover, although a specific statute generally prevails over a general statute if they cannot be reconciled so as to give effect to both, see Summerville v. Forest Park, 128 Ohio St.3d 221, 2010-Ohio-6280, 943 N.E.2d 522, ¶ 31-32, “[w]e should not * * * seek out a conflict where none exists,” Brookwood at ¶ 10. Here, as detailed previously, the language of the applicable provisions can be read to give effect to all of them, including R.C. 2743.61 and 2743.65. The fact that the attorney general’s attorney-fee decision is final pursuant to R.C. 2743.65(C)(2) is consistent with the authorization in R.C. 2743.61(B) for the Court of Claims to exercise appellate jurisdiction over “the denial of a claim for an award of reparations that is made by a final decision of the attorney general after any reconsideration.”
*252 Michael DeWine, Attorney General, and Elise Porter, Assistant Attorney General, for appellee.
Aaron D. Epstein and Damian W. Sikora, Assistant Attorneys General, for appellant.
{¶ 35} Even though Brookwood is squarely on point with respect to whether the determination in this case is appealable, neither the attorney general nor the majority opinion mentions it.
{¶ 36} R.C. 2743.53(A) provides that “[a] court of claims panel of commissioners shall hear and determine all matters relating to appeals from decisions of the attorney general pursuant to sections 2743.51 to 2743.72 of the Revised Code.” The attorney-fee appeals to the Court of Claims in this case and in similar cases are authorized by R.C. 2743.61 and 2743.65. Furthermore, under R.C. 2743.53(A), the Court of Claims may hear and determine all matters related to the appeals.
{¶ 37} This conclusion is supported by the principle that “statutes providing for appeals should be given a liberal interpretation in favor of appeal.” Waltco Truck Equip. Co. v. Tallmadge Bd. of Zoning Appeals (1988), 40 Ohio St.3d 41, 42, 531 N.E.2d 685.

Conclusion

{¶ 38} Based on the foregoing, I conclude that the Court of Claims properly exercised appellate jurisdiction over Carney-DeBord’s appeal and that the attorney general established neither a clear legal right to vacation of the court’s decision and dismissal of the appeal nor a corresponding clear legal duty on the part of the court to perform these requested acts. Therefore, the court of appeals erred in granting the writ of mandamus.
{¶ 39} Moreover, the attorney general cannot establish that the exercise of appellate jurisdiction by the Court of Claims in these cases is unauthorized by law. To the contrary, the court’s exercise of appellate jurisdiction is authorized by R.C. 2743.61. Therefore, the court of appeals also erred in granting the writ of prohibition.
{¶ 40} The attorney general failed to establish his entitlement to the requested extraordinary relief in mandamus and prohibition. The Court of Claims properly exercised appellate jurisdiction over the appeal from the attorney general’s attorney-fee decision in the crime-victim-reparations case. Therefore, the judgment of the court of appeals should be reversed, and the writs should be denied. I dissent.
Lundberg Stratton and McGee Brown, JJ., concur in the foregoing opinion.