[Cite as *Meros v. Office of Ohio Atty. Gen. Yost*, 2023-Ohio-1861.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| THOMAS L. MEROS | Case No. 2023-00146PQ |
| Requester | Judge Lisa L. Sadler |
| v. | DECISION AND ENTRY |
| OFFICE OF OHIO ATTORNEY GENERAL DAVE YOST | |
| Respondent | |

{¶1} In this public-records case, Requester Thomas L. Meros, a self-represented litigant, has filed written objections to a Special Master's Recommendation To Dismiss. The Court overrules Requester's objections and dismisses Requester's Complaint without prejudice for reasons set forth below.

## I. Background

{¶2} On February 23, 2023, Requester filed a public-records complaint against Respondent Office of Ohio Attorney General Dave Yost. Pursuant to R.C. 2743.75(D)(2), a Special Master has issued a Recommendation To Dismiss. The Special Master recommends dismissing this case without prejudice and assessing costs against Requester on grounds that the Court lacks jurisdiction overall, or at least large portions of, Requester's claims, and that the fact intensive nature of Requester's claims combined with this Court's limited factfinding capabilities warrant dismissal.

{¶3} Requester has filed written objections to the Special Master's Recommendation To Dismiss. Respondent has filed a response to Requester's objections, urging the Court to deny the objections and enter judgment in accordance with the Special Master's Recommendation To Dismiss.

## II. Law and Analysis

{¶4} Requester essentially maintains in his objections that the Special Master prejudicially erred because the Special Master failed to refer this case to mediation and because he failed to contact Requester before recommending dismissal of this case without prejudice. Requester's objections thus ask the Court to determine whether, in this instance, the Special Master complied with requirements set forth in R.C. 2743.75.

{¶5} "The polestar of statutory interpretation is legislative intent, which a court best gleans from the words the General Assembly used and the purpose it sought to accomplish. Where the wording of a statute is clear and unambiguous, [a] court's only task is to give effect to the words used." *State v. Elam*, 68 Ohio St.3d 585, 587, 629 N.E.2d 442 (1994). *Accord Slingluff v. Weaver*, 66 Ohio St. 621, 64 N.E. 574 (1902), paragraph one of the syllabus; *Haver v. Accountancy Bd.*, 10th Dist. Franklin No. 05AP-280, 2006-Ohio-1162, ¶ 15-16. The Ohio Supreme Court has held:

> [T]he intent of the law-makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation. The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact. That body should be held to mean what it has plainly expressed, and hence no room is left for construction.

*Singluff* at paragraph two of the syllabus. "A guiding principle of statutory interpretation is that the statute must be construed as a whole and each of its parts must be given effect so that they are compatible with each other and related enactments." *Brookwood Presbyterian Church v. Ohio Dept. of Edn.*, 127 Ohio St.3d 469, 2010-Ohio-5710, 940 N.E.2d 1256, ¶ 26, citing *Humphrys v. Winous Co.*, 165 Ohio St. 45, 49, 133 N.E.2d 780 (1956).

{¶6} The plain language of R.C. 2743.75 shows that, through R.C. 2743.75, the General Assembly intended to create an expeditious and economical procedure to resolve certain public-records disputes in this forum. *See* R.C. 2743.75(A). Indeed, the Ohio Supreme Court has stated: "Recognizing that disputes over public-records requests can frustrate the law's essential purpose, the General Assembly enacted R.C. 2743.75(A) 'to provide for an expeditious and economical procedure that attempts to resolve disputes

alleging a denial of access to public records' in violation of R.C 149.43(B)." *Welsh-Huggins* at ¶ 12.

{¶7} Consistent with the General Assembly's intention to establish a procedure in R.C. 2743.75 that is "expeditious" and "economical," pursuant to R.C. 2743.75(E)(3)(a), a special master "shall not permit any discovery." Additionally, in enacting R.C. 2743.75, the General Assembly recognized that not all cases should be adjudicated under R.C. 2743.75. *See, e.g.,* R.C. 2743.75(C)(2). R.C. 2743.75(C)(2) provides:

> If the allegedly aggrieved person files a complaint under this section and the court of claims determines that the complaint constitutes a case of first impression that involves an issue of substantial public interest, the court shall dismiss the complaint without prejudice and direct the allegedly aggrieved person to commence a mandamus action in the court of appeals with appropriate jurisdiction as provided in [R.C. 149.43(C)(1)].

{¶8} Moreover, consistent with the General Assembly's intention in R.C. 2743.75 of providing an "expeditious" and "economical" procedure, the General Assembly has directed that "[n]otwithstanding any provision to the contrary in [R.C. 2743.75], upon the recommendation of the special master, the court of claims on its own motion may dismiss the complaint at any time." R.C. 2743.75(D)(2). Through R.C. 2743.75(D)(2), the General Assembly has authorized a special master to recommend dismissals of public-records complaints.

{¶9} Requestor's criticisms that the Special Master "made no effort to contact Relator and to discuss this matter" (Objections at ¶ 4) and that the Special Master "only sent Relator a certified letter that conveyed his recommendation to dismiss this case" (Objections at ¶ 4) are of no moment. Pursuant to Rule 2.9 of the Ohio Code of Judicial Conduct, subject to exceptions, a judge "shall not initiate, receive, permit, or consider *ex parte* communications." This general prohibition against initiating, receiving, permitting, or considering ex parte communications applies to the Special Master. *See* Application, I(B) of the Ohio Code of Judicial Conduct ("[a] judge, within the meaning of this code, is a lawyer who is authorized to perform judicial functions within a court, including an officer such as a magistrate, court commissioner, or *special master*" (emphasis added)). And,

as discussed above, under R.C. 2743.75(D)(2) a special master is authorized to recommend dismissal of a public-records complaint.

{¶10} Requester maintains that the Special Master prejudicially erred because the Special Master failed to refer this case to mediation under R.C. 2743.75(E)(1). R.C. 2743.75(E)(1) provides:

> Upon service of a complaint under [R.C. 2743.75(D)(1)], except as otherwise provided in this division, the special master assigned by the clerk under [R.C. 2743.75(D)(2)] immediately shall refer the case to mediation services that the court of claims makes available to persons. If, in the interest of justice considering the circumstances of the case or the parties, the special master determines that the case should not be referred to mediation, the special master shall notify the court that the case was not referred to mediation, and the case shall proceed in accordance with [R.C. 2743.75(F)]. * * *.

Requester focuses on the phrase "the special master assigned by the clerk under [R.C. 2743.75(D)(2)] immediately *shall refer the case to mediation services* that the court of claims makes available to persons" (emphasis added) to advance his argument that the Special Master prejudicially erred by not referring this case to mediation. Requester's focus, however, fails to account for the following sentence in the statute: "*If, in the interest of justice considering the circumstances of the case or the parties, the special master determines that the case should not be referred to mediation*, the special master shall notify the court that the case was not referred to mediation, and the case shall proceed in accordance with [R.C. 2743.75(F)]." (Emphasis added.) Pursuant to R.C. 2743.75(E)(1), a special master thus is not required to refer all cases to mediation services that the Court makes available. In this instance, in the Recommendation To Dismiss, the Special Master made it clear that, in his view, the Court generally lacked subject matter jurisdiction, which, in turn, obviated the need to refer this case to mediation and proceed under R.C. 2743.75(F).

{¶11} When R.C. 2743.75 is construed as a whole and each of its parts are given effect so that they are compatible with each other, a special matter may recommend a complaint for dismissal pursuant to R.C. 2743.75(D)(2); a special master is not required

to refer every case to mediation pursuant to R.C. 2743.75(E)(1); and pursuant to R.C. 2743.75(D)(2), upon a special master's recommendation, this Court may sua sponte dismiss a public-records complaint at any time.

{¶12} In the Recommendation To Dismiss, the Special Master states:

*The fact intensive nature of Meros' claims combines with this Court's limited fact-finding capabilities to warrant dismissal.* R.C. 2743.75 was intended to provide a process for addressing public records disputes that can be resolved "efficient[ly]" without discovery. *Grant*, 2022-Ohio-1619, ¶ 4, n. 1; R.C. 2743.75(E)(3)(a). This Court has therefore dismissed cases that cannot be efficiently adjudicated because they involve factual disputes that cannot be resolved without discovery and because they are unlikely to be resolved through mediation. Requestors pressing such claims are instead left to pursue them through mandamus proceedings in courts where discovery is permitted. *Id.* at ¶¶ 2, 6; *Advance Local Media*, 2022-Ohio-321, ¶ 2.

This is such a case. Meros' primary public records contention is that more records exist than Respondents have produced, an inherently factual question. He therefore seeks to conduct discovery on that question, something that R.C. 2643.75(E)(3)(a) prohibits. That, along with the unavailability of evidentiary hearings, leaves the Court with no efficient way to resolve that fact question. See *Grant*, 2022- Ohio-1619, ¶ 4; *Advance Local Media*, 2022-Ohio-321; *Welsh-Huggins v. Office of the Prosecuting Atty.*, Ct. of Cl. No. 2018-00793PQ, 2019-Ohio-964, ¶ 11 (no evidentiary hearings in R.C. 2743.75 cases). And given Meros' vehemence, it is highly unlikely that his claims will be resolved through mediation. In short, the Court will likely be faced with factual questions it has no efficient way to resolve. The Special Master therefore recommends that this case be dismissed without prejudice, leaving Meros' free to pursue his claims in courts with greater fact-finding capability.

(Emphasis sic.) (Recommendation To Dismiss, 3-4.)

{¶13} Upon independent review, the Court agrees with the Special Master's determination that, if this case were to proceed in this forum, then this Court likely would be faced with factual questions that it has no efficient way to resolve, which, in turn, contravenes the expeditious and economical procedure intended by the General Assembly when it enacted R.C. 2743.75. Moreover, to the extent that Requester's filing of a "Verified Original Action In Mandamus" (Filing dated February 27, 2023) is construed as a mandamus action, this Court lacks statutory jurisdiction over Requester's mandamus action. *See Rose v. Ohio Dept. of Rehab. & Correction*, 173 Ohio App.3d 767, 2007-Ohio-6184, 880 N.E.2d 508, ¶ 23 (10th Dist.) ("it is * * * clear under Ohio law that the Court of Claims, a court of limited jurisdiction, lacks statutory jurisdiction to consider mandamus"). *See also* R.C. 149.43(C)(1)(a) and (b) (an allegedly aggrieved person may do only one of the following, and not both: file a complaint under R.C. 2743.75 or commence a mandamus action to obtain a judgment).

### III. Conclusion

{¶14} The Court overrules Requester's objections for reasons set forth above. Pursuant to R.C. 2743.75(D)(2), and upon the Special Master's recommendation, the Court sua sponte dismisses Requester's Complaint without prejudice. Court costs are assessed to Requester. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

Filed May 24, 2023
Sent to S.C. Reporter 6/5/23