BOARD OF EDUCATION OF THE COLUMBUS CITY SCHOOL DISTRICT, APPELLEE, *v.* WILKINS; COLUMBUS STATE COMMUNITY COLLEGE DISTRICT, APPELLANT.

[Cite as *Columbus City School Dist. Bd. of Edn. v. Wilkins,* 106 Ohio St.3d 200, 2005-Ohio-4556.]

(No. 2004–1425—Submitted June 15, 2005—Decided September 14, 2005.)

———

MOYER, C.J.

{¶ 1} Karl Greene and Gary Grube each owned an undivided one-half interest in a parcel of real estate known as the Bridgeview Golf Course in the city of Columbus. By separate instruments, Greene and Grube each conveyed their interests in the property to separate irrevocable charitable-remainder annuity trusts ("CRATs"). A CRAT is an irrevocable trust that provides the beneficiary or beneficiaries with a fixed yearly payment from the principal of the trust. Both Greene and Grube appointed Columbus State Community College District ("Columbus State") as the trustee of their CRATs.

{¶ 2} The terms of the Greene and Grube CRATs provide that the trustee, Columbus State, is to pay an annuity of $130,000 to each beneficiary (Greene and Grube) for his life, and to the wife of each beneficiary for her life, if she survives her husband. Upon the death of the last living beneficiary of each CRAT, the trustee is to distribute the remaining principal and income of the CRAT to the remainderman, Columbus State.

{¶ 3} As the trustee of each CRAT, Columbus State leases the golf course property to a corporation owned by Columbus State for a fixed monthly payment.

{¶ 4} Columbus State filed an application with the Tax Commissioner to exempt the golf course property from real-property taxation. Over an objection filed by the Board of Education of the Columbus City School District ("BOE"), the Tax Commissioner granted Columbus State an exemption for the property. The BOE filed a notice of appeal with the Board of Tax Appeals ("BTA"). The BTA reversed the Tax Commissioner's decision and denied the application, finding that under R.C. 3354.15, Columbus State was not the owner of the property, had not "acquired" the property, and did not use the property for purposes of the exemption in that statute.

{¶ 5} The cause is now before the court upon an appeal as of right.

{¶ 6} Columbus State claims that the golf course property is exempt under R.C. 3354.15, which provides:

{¶ 7} "A community college district shall not be required to pay any taxes or assessments upon any real or personal property acquired, owned, or used by it pursuant to provisions of sections 3354.01 to 3354.18 inclusive, of the Revised Code, or upon the income therefrom, and the bonds issued pursuant to provisions of such sections and the transfer of the income therefrom, including any profits made on the sale thereof, shall at all times be free from taxation within the state."

{¶ 8} R.C. 3354.15 is not self-executing and does not specify the procedure by which a community college is to apply for real-property tax exemption. However, R.C. 5713.08 provides that no additions shall be made to an auditor's exempt list "without the consent of the tax commissioner as is provided for in section 5715.27 of the Revised Code." In *Gahanna–Jefferson Local School Dist. Bd. of Edn. v. Zaino* (2001), 93 Ohio St.3d 231, 233, 754 N.E.2d 789, we observed that "R.C. 5715.27 is a general statute relating to the granting and revoking of exemptions from real property taxes." Thus, unless there is a statute specifying an alternative method of applying for and obtaining an exemption from real-property taxation, an application for tax exemption must comply with R.C. 5715.27.

{¶ 9} A threshold question when considering an application for exemption filed under R.C. 5715.27 is whether the applicant has standing. In a case involving another application for real-property tax exemption, *Performing Arts School of*

*Metro. Toledo, Inc. v. Wilkins,* 104 Ohio St.3d 284, 2004-Ohio-6389, 819 N.E.2d 649, the application for real-property exemption was filed by the lessee. In *Performing Arts,* the court stated, "In administrative appeals such as this, 'parties must meet strict standing requirements in order to satisfy the threshold requirement for the administrative tribunal to obtain jurisdiction.' *State ex rel. Tubbs Jones v. Suster* (1998), 84 Ohio St.3d 70, 77, 701 N.E.2d 1002, fn. 4." Id. at ¶ 6.

{¶ 10} The requirements for filing an application for real-property tax exemption are found in R.C. 5715.27(A), which provides that "the *owner* of any property may file an application with the tax commissioner, on forms prescribed by the commissioner, requesting that such property be exempted from taxation * * *." (Emphasis added.) In *Performing Arts,* we found that the word "owner" as used in R.C. 5715.27 "refers only to a legal title holder of the real property for which a tax exemption is sought." Id. at paragraph one of the syllabus.

{¶ 11} Although the applicant for tax exemption in *Performing Arts* was a lessee of the property for which exemption was sought, the rationale for our decision in that case applies to the facts before us. In *Goralsky v. Taylor* (1991), 59 Ohio St.3d 197, 198, 571 N.E.2d 720, we stated, "In a trust, the trustee (and not the beneficiary) holds legal title to the trust corpus." Deeds for the property in question granted title to "Columbus State Community College District, *Trustee.*" (Emphasis added.) Adoption of the taxpayer's argument here would require us to disregard well-established trust law.

{¶ 12} The holder of the legal title and the owner of the property for the purpose of filing an application for exemption under R.C. 5715.27 is "Columbus State Community College District, Trustee." The applicant filing the application for exemption in this case, "Columbus State Community College District," was not the owner of the property and therefore lacked standing to petition the Tax Commissioner for exemption under R.C. 5715.27. As a result, neither the Tax Commissioner nor the BTA had jurisdiction to consider the application.

{¶ 13} We therefore hold that the BTA should not have decided the merits of the application for exemption filed by Columbus State Community College District, and we vacate its decision and that of the Tax Commissioner.

Decision vacated.

RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

———————

Carlile, Patchen & Murphy, L.L.P., Michael H. Igoe, Robert B. Barnett Jr., and R. Brian Newcomb, special counsel for Jim Petro, Attorney General, for appellant.

Rich, Crites & Dittmer and Jeffrey A. Rich, for appellee.