GILMAN, APPELLEE, *v.* HAMILTON COUNTY BOARD OF REVISION ET AL.,

APPELLEES; RHODES, AUD., APPELLANT.

[Cite as *Gilman v. Hamilton Cty. Bd. of Revision*,

127 Ohio St.3d 154, 2010-Ohio-4992.]

*Taxation — Property — Homestead exemption — R.C. 323.151(A) — Definition*

*of "owner" — List of "owners" in R.C. 323.151(A)(2) is not exhaustive —*

*Dwelling held in trust is not disqualified from exemption merely because*

*trustee who occupies dwelling is not grantor of trust.*

(No. 2010-0267 — Submitted October 13, 2010 — Decided October 20, 2010.)

APPEAL from the Board of Tax Appeals, No. 2008-M-2304.

_____

**Per Curiam.**

{¶ 1}   In this case, the Hamilton County Auditor, Dusty Rhodes, appeals from a decision of the Board of Tax Appeals ("BTA") that granted a homestead exemption with respect to the property at issue.  The auditor had denied the request for the exemption, and the Hamilton County Board of Revision ("BOR") upheld that denial.  The auditor asserted, and the BOR agreed, that the property did not qualify for the tax reduction because the property was held in trust and its current occupant, Julia M. Gilman, was the trustee but not the settlor of the trust.

{¶ 2}   On appeal, however, the BTA reversed.  The BTA concluded that the property qualified for the tax reduction because Gilman occupied the property as her home and, as trustee, owned legal title to the property that qualified as "one of the several estates in fee" under the statute.  The auditor has appealed and renews his contention that when property is held in trust, the property qualifies for the homestead exemption under R.C. 323.151(A)(2) only if the settlor of the trust

is the resident and occupant of the property.  We disagree, and we therefore affirm the decision of the BTA.

**Facts**

{¶ 3}  Appellee Julia M. Gilman is the surviving spouse of Ronald Keith Gilman, who while alive settled a trust and included the property at issue within the corpus of that trust.  The property is residential real estate on which Julia Gilman herself resides. Pursuant to the excerpt of the trust instrument in the record, Gilman succeeded her husband as trustee upon her husband's death. The excerpt of the trust instrument indicates that Ronald Gilman was the sole grantor of the trust, and the deed in the record by which the property was conveyed into the trust listed Ronald Gilman as the sole grantor of the property.  By the terms of the trust, the settlor retained the power to revoke during his lifetime; the excerpt does not include provisions that directly address the character of the trust after the death of the grantor.

{¶ 4}  On June 7, 2007, Julia Gilman submitted an application for homestead exemption to the Hamilton County Auditor.  By correspondence dated November 29, 2007, the auditor denied the application because the "applicant is not the grantor/settlor of the trust in which the subject property is held."  On December 7, 2007, Gilman appealed the denial through the filing of a complaint at the BOR.

{¶ 5}  On August 11, 2008, the BOR held a hearing, and a follow-up hearing was held on October 30, 2008, at Gilman's request.  The hearing revealed that the county prosecutor had furnished the auditor with a legal opinion concluding that under R.C. 323.151, the settlor of a trust who occupied residential property as a matter of right under the trust terms could qualify as an "owner," but that the trustee could not.  On this basis, the BOR denied the tax reduction, and Gilman appealed to the BTA.

**{¶ 6}** Without holding a hearing or otherwise taking additional evidence, the BTA issued its decision on January 19, 2010. Relying on case law that the trustee owns the legal title to the property held in the trust, the BTA concluded that Gilman as trustee qualified as an owner under R.C. 323.151(A)(2)[1] by virtue of being the "holder of one of the several estates in fee." Accordingly, the BTA reversed and remanded to the BOR. The auditor has appealed, and we now affirm.

### Analysis

**{¶ 7}** When a BTA decision is appealed, this court looks to see whether that decision was reasonable and lawful. *Satullo v. Wilkins*, 111 Ohio St.3d 399, 2006-Ohio-5856, 856 N.E.2d 954, ¶ 14. In reviewing a BTA decision under this standard, we acknowledge that " '[t]he BTA is responsible for determining factual issues and, if the record contains reliable and probative support for these BTA determinations,' " we will affirm them. Id., quoting *Am. Natl. Can Co. v. Tracy* (1995), 72 Ohio St.3d 150, 152, 648 N.E.2d 483. On the other hand, we " 'will not hesitate to reverse a BTA decision that is based on an incorrect legal conclusion.' " Id., quoting *Gahanna-Jefferson Local School Dist. Bd. of Edn. v. Zaino* (2001), 93 Ohio St.3d 231, 232, 754 N.E.2d 789.

**{¶ 8}** This appeal presents the question whether the trustee of a trust that holds title to real property qualifies as an "owner" under R.C. 323.151(A)(2). Because this question calls for us to construe the statute, it presents an issue of law that we determine de novo on appeal. *Brennaman v. R.M.I. Co.* (1994), 70 Ohio St.3d 460, 466, 639 N.E.2d 425; *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, ¶ 8. To resolve that issue, we turn to an examination of the pertinent statutes.

---

1. The BTA decision actually cites "R.C. 353.521(A)(2)," but there is no Chapter 353 in the Revised Code. Based on the context of the cite, we conclude that the BTA meant to cite R.C. 323.151(A)(2).

*The enactment and expansion of the homestead exemption*

{¶ 9}   Beginning in 1971, the General Assembly provided real property tax relief to owner-occupied residential property belonging to persons 65 and over.[2]   Referred to as the homestead exemption, the tax break took the form of a credit against real property taxes that was tied to the income of the owner-occupants of the property. Am.Sub.H.B. No. 475, 134 Ohio Laws, Part II, 1485, 1490-1494.  Originally available only because of the age of the owner-occupants, the tax reduction in 1975 became available to permanently and totally disabled homeowners.  Am.Sub.H.B. No. 23, 136 Ohio Laws, Part I, 1409-1413.  In 1991, the law extended the benefit to certain surviving spouses who did not independently qualify for the reduction.  Am.Sub.H.B. No. 66, 144 Ohio Laws, Part II, 2877.

{¶ 10} In 1999, the General Assembly extended the tax break to mobile and manufactured homes, and in 2001, the credit was extended to units in a housing cooperative.  Am.Sub.S.B. No. 142, 147 Ohio Laws, Part IV, 7986, 8002; Am.Sub.H.B. No. 595, 148 Ohio Laws, Part III, 6422.  Finally, in 2007 the General Assembly broadened the availability of the tax reduction by eliminating the income test as a limit on its availability, with the result that the homestead exemption now affords tax freedom on $25,000 of a property's value whenever the owner-occupants satisfy the age or disability criteria.  See R.C. 323.151 to 323.153, as amended, 127th General Assembly, Am.Sub.H.B. No. 119.

---

2.  Parallel to but distinguishable from the homestead exemption based on age or disability is the generally available 2.5 percent rollback on homesteads, which was originally enacted in 1979 (Am.Sub.H.B. No. 204, 138 Ohio Laws, Part I, 1915, 1983), and in its amended form is codified at R.C. 323.152(B).  Under the statute, the availability of the 2.5 percent rollback is tied to the definition of homestead, so that the issue of who qualifies as an "owner" determines the availability of the rollback as well as the availability of the homestead exemption itself.  See *State ex rel. Swetland v. Kinney* (1980), 62 Ohio St.2d 23, 24, 16 O.O.3d 14, 402 N.E.2d 542.

**{¶ 11}** The tax reduction applies to real property taxes imposed on a "homestead," which is defined as various types of dwellings together with whatever surrounding land "not exceeding one acre, as is reasonably necessary for the use of the dwelling or unit as a home." R.C. 323.151(A)(2). The dwelling must be "owned and occupied as a home by an individual whose domicile is in this state." R.C. 323.151(A)(1)(a).

*Because R.C. 323.151 predicates the homestead exemption on a dwelling being owned and occupied by the person who uses the property as a home, the statute addresses who qualifies as an "owner"*

**{¶ 12}** Crucial to the decision of this case is R.C. 323.151's language concerning who may qualify as an "owner." At its first enactment in 1971, the statute stated that an owner "includes a vendee in possession under a purchase agreement or a land contract, a mortgagor, one or more joint tenants with right of survivorship, and tenants in common." Am.Sub.H.B. No. 475, 134 Ohio Laws, Part II, 1485, 1490. In 1991, the General Assembly added to this inclusive list a "settlor of a revocable inter vivos trust holding the title to a homestead occupied by the settlor as of right under the trust." Sub.H.B. No. 641, 144 Ohio Laws, Part IV, 6034.

**{¶ 13}** In 1995, the General Assembly added a "life tenant" to the list along with a "holder of one of the several estates in fee." Am.Sub.H.B. No. 117, 146 Ohio Laws, Part I, 898, 1070.[3] Thus, the statute in effect for tax year 2007 addressed who qualified as an "owner" by stating that "[a]n owner includes a holder of one of the several estates in fee, a vendee in possession under a purchase agreement or a land contract, a mortgagor, a life tenant, one or more tenants with a right of survivorship, tenants in common, and a settlor of a revocable inter vivos

---

3. Subsequent to the 2007 tax year at issue, the 127th General Assembly in 2008 broadened the list of owners by allowing the settlor of an irrevocable as well as a revocable trust to qualify. See R.C. 323.151(A)(2), 2008 Am.Sub.H.B. No. 130.

trust holding the title to a homestead occupied by the settlor as of right under the trust."

{¶ 14} In the present case, the Hamilton County Auditor read R.C. 323.151(A)(2)'s reference to the settlor of property held in trust as constituting the exclusive circumstance in which trust property could qualify for the tax reduction. By contrast, the BTA construed the phrase "a holder of one of the several estates in fee" to apply to a trustee, who under established law holds the legal title to the corpus of the trust.

*R.C. 323.151(A)(2) does not foreclose extending the tax reduction*

*to trust property that is occupied by the trustee*

{¶ 15} The auditor regards R.C. 323.151(A)(2)'s list of those encompassed by the term "owner" as exhaustive. We disagree. By using the phrase "owner *includes*," the General Assembly indicated its intent not to set forth an exhaustive list. (Emphasis added.) Instead, the list clarifies that certain persons qualify in accordance with, or in addition to, an "owner" under the meaning of that term in common usage. See R.C. 1.42 (requiring that words and phrases be "read in context and construed according to the rules of grammar and common usage"). See *Trans Rail Am., Inc. v. Enyeart*, 123 Ohio St.3d 1, 2009-Ohio-3624, 913 N.E.2d 948, ¶ 28 (by listing items that an "act" or "action" *includes*, the General Assembly showed its intent "to illustrate the types of actions that may be appealable, rather than to set out an exhaustive list"). Indeed, had the list been intended as exhaustive at the outset, "owner" in 1971 would not even have included the holder of full legal title to property that was not subject to a purchase agreement, land contract, mortgage, or joint tenancy. Plainly, the creation of an exhaustive list was not the intent of the General Assembly.[4]

---

4. The Department of Taxation's Division of Tax Equalization has issued Bulletin 23 (Rev.Nov.2007), explaining aspects of the homestead exemption. A copy of that publication is in the record. In it, the tax department declares that the seven categories of owner listed in R.C.

{¶ 16} In its ordinary meaning, "owner" generally refers to "[o]ne who has the right to possess, use, and convey something; a person in whom one or more interests are vested." Black's Law Dictionary (9th Ed.2009) 1214. In cases that address issues of real property taxation, we have construed "owner" narrowly to encompass only the legal-title holder and not the holder of an equitable interest in the property. See *Performing Arts School of Metro. Toledo, Inc. v. Wilkins*, 104 Ohio St.3d 284, 2004-Ohio-6389, 819 N.E.2d 649, ¶ 12; *Victoria Plaza Ltd. Liab. Co. v. Cuyahoga Cty. Bd. of Revision* (1999), 86 Ohio St.3d 181, 183, 712 N.E.2d 751. Again, when we apply common usage and plain meaning in legal contexts, a "trustee" is "[o]ne who, having legal title to property, holds it in trust for the benefit of another and owes a fiduciary duty to that beneficiary." Black's at 1656. Accord *Columbus City School Dist. Bd. of Edn. v. Wilkins*, 106 Ohio St.3d 200, 2005-Ohio-4556, 833 N.E.2d 726, ¶ 11, citing *Goralsky v. Taylor* (1991), 59 Ohio St.3d 197, 198, 571 N.E.2d 720.

{¶ 17} We hold that "owner" for purposes of R.C. 323.151(A)(2) encompasses the trustee of a trust to which real property is subject. It follows that when the other requirements of the statute are satisfied, a dwelling that is held in trust may qualify as a "homestead" when the trustee is an individual who occupies the property as a home.

{¶ 18} The auditor predicates his contrary position on an erroneous reading of the "owner" provision. In the auditor's view, a dwelling held in trust can qualify as a "homestead" only by virtue of the one status listed under "owner" that explicitly refers to a trust arrangement. Because that portion of the list

323.151 are "exclusive," a statement that is incompatible with our reading of the statute. Id. at 17. On the other hand, the publication does not appear to support the auditor's specific conclusion that the legal title held by a trustee does not qualify as a fee-simple interest in real property. Indeed, the publication acknowledges that ownership need not involve a "fee simple absolute," but fee ownership may be subject to a condition, limitation, or restriction to particular heirs. Because the publication does not discuss whether a trustee's legal title to real property qualifies her as an "owner," we will not evaluate the publication as a statement of administrative practice.

specifies that the *settlor* of the trust may qualify as an owner, the trustee cannot qualify under this theory. The auditor's error lies in his reading the list as an exhaustive one that excludes all holders of legal title who do not fall within one of the specified categories.

{¶ 19} In advancing his argument, the auditor necessarily takes issue with the BTA's holding that Gilman as trustee qualifies as the " 'holder of one of the several estates in fee.' " *Gilman v. Hamilton Cty. Bd. of Revision* (Jan. 19, 2010), BTA No. 2008-M-2304, 2010 WL 234919, at *2, quoting R.C. 323.521(A)(2). Concerning the addition of that language in 1995 through Am.Sub.H.B. No. 117, the Legislative Service Commission's Bill Analysis explained that a "holder of one of the several estates in fee has an absolute and unconditional interest in real property" and observed that "[s]ince a person holding an estate in fee is commonly regarded as the owner, this addition is for the purpose of form rather than substance." Id. at 186-187. Because under a trust arrangement the legal and equitable estates are divided, the legal title held by a trustee may be deemed not to constitute a fee-simple interest in the property in some instances and for certain purposes. See *Hill v. Irons* (1953), 160 Ohio St. 21, 27, 50 O.O. 485, 113 N.E.2d 243. The auditor argues that the trust situation in this case is one in which the title to the dwelling is not a fee-simple interest.

{¶ 20} We need not determine the technical question whether Gilman's legal title in this case involves holding a fee-simple interest in the property, because we more generally conclude that "owner" encompasses holders of legal title without regard to any division of legal and equitable estates. Accordingly, Gilman qualifies as an owner under R.C. 323.151(A)(2) by virtue of her authority over the property as trustee.

{¶ 21} Finally, the auditor urges that recognizing a trustee's status as owner will lead to absurd results that the General Assembly did not intend. The auditor points out that in many cases, a bank or an "unrelated third party" might

be the trustee, and rhetorically asks whether those trustees would "be entitled to the Homestead Exemption in derogation of the rights of the beneficiaries." But the plain terms of R.C. 323.151 limit the exemption to a dwelling "owned and occupied as a home by an individual," along with other personal restrictions. As a result, a bank-trustee will not qualify, because a bank is not an individual and will not be able to occupy a "dwelling" as its "home." Nor do we anticipate that fiduciary duty and trust terms will usually permit an individual trustee to occupy a dwelling as a home apart from a familial relationship with the settlor or beneficiary, and the statute restricts the availability of the exemption where related persons transfer the property for the purpose of creating an entitlement to the exemption.[5] Additionally, if the legislature decides that the exemption extends too far, it is free to restrict it through further amendments.

### Conclusion

{¶ 22} For the reasons set forth, we conclude that the BTA acted reasonably and lawfully when it reversed the determination of the BOR and granted the homestead exemption for tax year 2007. We therefore affirm the decision of the BTA.

Decision affirmed.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Julia M. Gilman, pro se.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Thomas J. Scheve, Assistant Prosecuting Attorney, for appellant.

_____

5. To qualify as "owner," an individual must be an Ohio domiciliary and cannot have "acquired ownership from a person, other than the individual's spouse, related by consanguinity or affinity for the purpose of qualifying for the [homestead exemption]." R.C. 323.151(A)(1)(a).