[Cite as *Devan v. Cuyahoga Cty. Bd. of Revision*, 2015-Ohio-4279.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 102945

## MARK R. DEVAN

PLAINTIFF-APPELLANT

vs.

## CUYAHOGA COUNTY BOARD OF REVISION, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
### REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-831761

**BEFORE:** Kilbane, J., Keough, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 15, 2015

**ATTORNEY FOR APPELLANT**

William Livingston
Berkman, Gordon, Murray & Devan
55 Public Square - Suite 2200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Mark R. Greenfield
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** Appellant, Mark R. DeVan ("DeVan"), appeals from the trial court's judgment affirming appellee, Cuyahoga County Board of Revision's ("BOR"), denial of his application for the homestead exemption. For the reasons set forth below, we reverse and remand.

**{¶2}** In January 2014, DeVan filed a "late" application for a homestead exemption for the tax year 2013 with the Cuyahoga County Fiscal Officer ("Fiscal Officer") for property located at 233 Prestwick Drive, Broadview Heights, Ohio 44147.[1] He took title to this residence on August 30, 2013. On the application, it asked the applicant to declare under the penalty of perjury that:

> (1) I occupied this property as my principal place of residence on Jan. 1 of the year(s) for which I am requesting the homestead exemption, (2) I currently occupy this property as my principal place of residence, (3) I did not acquire this homestead from a relative or in-law, other than my spouse, for the purpose of qualifying for the homestead exemption, and (4) I have examined this application, and to the best of my knowledge and belief, this application is true, correct and complete.

**{¶3}** DeVan's application was denied by the Fiscal Officer in April 2014 because his "income exceed[ed] threshold," apparently applying the new income threshold limits effective for the tax year 2014. DeVan appealed the denial to the BOR and appeared before the board on July 5, 2014. He argued that he was entitled to the homestead

---

[1]DeVan's application is considered "late" because he applied for the tax year 2013 homestead exemption in 2014, rather than in 2013.

exemption because he turned 65 years of age in 2013 and was not subject to any income requirement to receive the benefit for the tax year 2013. On August 7, 2014, the BOR denied his application because DeVan's "income exceeds threshold for means test," also apparently applying the new income threshold limits effective for the tax year 2014.

{¶4} DeVan then filed a notice of appeal with the Cuyahoga County Court of Common Pleas on August 25, 2014. On March 31, 2015, the trial court affirmed the BOR's denial of DeVan's application for a homestead exemption, not because of the income threshold, but rather because "he did not own and occupy his property on January 1, 2013."

{¶5} It is from this order that DeVan now appeals, raising the following single assignment of error for review.

Assignment of Error

The court below erred in affirming the [BOR's] denial of [DeVan's] application for a homestead exemption.

Standard of Review

{¶6} With respect to the standard of review, we recognize that the common pleas court has a duty on an appeal from a decision by the BOR to independently weigh and evaluate all evidence properly before it. The court is then required to make an independent determination concerning the valuation of the property at issue. The court's review of the evidence should be thorough and comprehensive and should ensure that its final determination is more than a mere rubber stamping of the board of revision's

determination. *Black v. Cuyahoga Cty. Bd. of Revision*, 16 Ohio St.3d 11, 13-14, 475 N.E.2d 1264 (1985).

{¶7} This court may not reverse the decision of the common pleas court absent an abuse of discretion. *Id.* at 14, citing *Jennings & Churella Constr. Co. v. Lindley*, 10 Ohio St.3d 67, 461 N.E.2d 897 (1984). *See Powell v. Bd. of Revision*, 8th Dist. Cuyahoga No. 98681, 2013-Ohio-2460. In *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 260-261, 533 N.E.2d 264 (1988), the Ohio Supreme Court set forth the standard of review of this court as follows:

> In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. * * * The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion * * * implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. * * * Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment.

{¶8} In his sole assignment of error, DeVan argues he would have been entitled to the homestead exemption if he never moved to a new residence because he turned 65 in May 2013. DeVan contends the trial court's finding — that he is not entitled to the exemption because he did not live in his current residence on January 1, 2013 — "lacks a rational basis and amounts to an abuse of discretion" because he would have been entitled to the exemption had he not moved in August 2013.

{¶9} It appears that DeVan's reference to "rational basis" is a challenge to the constitutionality of the homestead exemption. The first mention of a rational basis is in DeVan's reply brief to the BOR's motion to affirm the BOR's denial of his application.

The "failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus. We retain the discretion, however, to consider a waived constitutional argument under a plain error analysis or where the rights and interests involved may warrant it. *In re M.D.*, 38 Ohio St.3d 149, 151, 527 N.E.2d 286 (1988).

{¶10} Longstanding precedent provides, however, that courts should avoid reaching constitutional issues if they can decide the case on other grounds. *See In re Miller*, 63 Ohio St.3d 99, 110, 585 N.E.2d 396 (1992); *Hall China Co. v. Pub. Util. Comm.*, 50 Ohio St.2d 206, 210, 364 N.E.2d 852 (1977); *State ex rel. Hofstetter v. Kronk*, 20 Ohio St.2d 117, 119, 254 N.E.2d 15 (1969) (constitutional questions are not to be decided unless "absolutely necessary"); *Payphone Assoc. v. Cleveland*, 146 Ohio App.3d 319, 331, 766 N.E.2d 167 (8th Dist.2001). In the instant case, we need not reach the constitutional question because DeVan's assignment of error is dispositive. *See also Gates Mills v. Mace*, 8th Dist. Cuyahoga No. 84826, 2005-Ohio-2191.

{¶11} Before addressing DeVan's assignment of error, a brief history of the homestead exemption, as set forth by the Ohio Supreme Court in *Gilman v. Hamilton Cty. Bd. of Revision*, 127 Ohio St.3d 154, 2010-Ohio-4992, 937 N.E.2d 109, is in order. Beginning in 1971, the General Assembly provided real property tax relief to residential property owned and occupied by persons 65 and over. *Id.* at ¶ 9. This tax relief,

referred to as the homestead exemption, took the form of a credit against real property taxes that was tied to the income of the owner-occupants of the property. *Id.*, citing Am.Sub.H.B. No. 475, 134 Ohio Laws, Part II, 1485, 1490-1494. This tax reduction was originally available only because of the age of the owner-occupants; however the General Assembly later extended the tax reduction to permanently and totally disabled homeowners, certain surviving spouses who did not independently qualify for the reduction, mobile and manufactured homes, and units in a housing cooperative. *Id.* ¶ 9-10, citing Am.Sub.H.B. No. 23, 136 Ohio Laws, Part I, 1409-1413; Am.Sub.H.B. No. 66, 144 Ohio Laws, Part II, 2877; Am.Sub.S.B. No. 142, 147 Ohio Laws, Part IV, 7986, 8002; Am.Sub.H.B. No. 595, 148 Ohio Laws, Part III, 6422.

{¶12} In 2007, the General Assembly broadened the availability of the tax credit by eliminating the income test as a restriction on its availability. *Id.* With this modification, the homestead exemption afforded tax relief on $25,000 of a property's value whenever the owner-occupants satisfied the age or disability criteria. *Id.*, citing R.C. 323.151 to 323.153, as amended, 127th General Assembly, Am.Sub.H.B. No. 119.

{¶13} In September 2013, Am.Sub. H.B. 59 was enacted, effective for the tax year 2014. This new law amended the homestead exemption by limiting future homestead exemptions to applicants whose income did not exceed $30,000.00. [2] R.C. 323.152(A)(1)(b)(iii). The legislature enacted a provision that allowed for individuals who turned 65 years of age in 2013 to obtain the benefits of the homestead exemption

---

[2]This amount is to be indexed by inflation each year. R.C. 323.152(A)(1)(d).

regardless of their income by filing a "late application" as set forth in R.C. 323.153(B). *See* R.C. 323.152(A)(1)(b)(ii). R.C. 323.153(B) provides that if the information within the late application is correct, the auditor shall determine the amount of the reduction in taxes to which the applicant would have been entitled for the preceding tax year had the applicant's application been timely filed and approved in that year.

{¶14} We note that when interpreting statutes, a court's principal concern is the legislative intent in enacting the statutes. *Carnes v. Kemp*, 104 Ohio St.3d 629, 2004-Ohio-7107, 821 N.E.2d 180, ¶ 16, citing *State ex rel. Francis v. Sours*, 143 Ohio St. 120, 53 N.E.2d 1021 (1944). To determine that intent, a court must first look at the words of the statutes themselves. *Id.* We are also mindful that all statutes relating to the same general subject matter must be read in pari materia. *Johnson's Markets, Inc. v. New Carlisle Dept. of Health*, 58 Ohio St.3d 28, 35, 567 N.E.2d 1018 (1991). In construing statutes together, a court must give them "a reasonable construction as to give proper force and effect to each and all such statutes." *Id.*, citing *Maxfield v. Brooks*, 110 Ohio St. 566, 144 N.E. 725 (1924). The interpretation and application of statutes must be viewed in a manner to carry out the legislative intent of the sections. *Id*.

{¶15} We now apply these principles to the statutory scheme governing the homestead exemption found, as relevant here, in R.C. 323.151 through R.C. 323.154.[3]

---

[3] The statutory scheme governing the homestead exemption includes R.C. 323.151 through 323.159.

**{¶16}** The homestead exemption applies to real property taxes imposed on various types of dwellings owned and occupied as a home by an individual whose domicile is in this state. R.C. 323.151(A)(1). Effective for the tax year 2014, R.C. 323.152(A)(1)(a)(iii) and (b)(iii) qualify persons 65 years of age or older, with a total income of less than $30,000, for the homestead exemption.

**{¶17}** R.C. 323.153 sets forth the process by which qualified individuals may obtain the tax reduction. "To obtain a reduction in real property taxes under division [R.C. 323.152 (A)], the owner shall file an application with the county auditor of the county in which the owner's homestead is located." R.C. 323.153(A). "The * * * application * * * shall be in the form of a signed statement[,] * * * shall be filed after the first Monday in January and not later than the first Monday in June. The application * * * shall be filed in the year for which the reduction is sought." R.C. 323.153(A)(3). This section further provides that

> [t]he statement shall be on a form, devised and supplied by the tax commissioner, which shall require no more information than is necessary to establish the applicant's eligibility for the reduction in taxes and the amount of the reduction, and * * * shall include an affirmation by the applicant that ownership of the homestead was not acquired from a person, other than the applicant's spouse, related to the owner by consanguinity or affinity for the purpose of qualifying for the real property * * * tax reduction provided for in [R.C. 323.152(A)].

*Id.*

**{¶18}** R.C. 323.153(B) provides that if the information within a late application is correct, the auditor shall determine the amount of the reduction in taxes to which the

applicant would have been entitled for the preceding tax year had the applicant's application been timely filed and approved in that year.

{¶19} R.C. 323.154, which governs the approval or denial of the homestead application by the county auditor, provides in pertinent:

> The county auditor shall approve or deny an application for reduction under [R.C. 323.152] and shall so notify the applicant not later than the first Monday in October. Notification shall be provided on a form prescribed by the tax commissioner. If the application is approved, upon issuance of the notification the county auditor shall record the amount of reduction in taxes in the appropriate column on the general tax list and duplicate of real and public utility property and on the manufactured home tax list. If the application is denied, the notification shall inform the applicant of the reasons for the denial.

{¶20} DeVan contends that the legislature did not intend to reject an otherwise qualifying applicant from receiving the homestead exemption simply because the applicant purchased a new home. He further contends that when the legislature amended the homestead exemption statutes, it did not specifically require in R.C. 323.153(A)(3), which governs the homestead application, that the applicant must own the property on January 1 of the tax lien year. On the other hand, the BOR argues DeVan is not entitled to the exemption because he did not own and occupy the Broadview Heights residence on January 1, 2013. In support of its argument, the BOR relies on *Dugan v. Franklin Cty. Bd. of Revision*, 10th Dist. Franklin No. 14AP-351, 2014-Ohio-4491, *discretionary appeal not allowed*, 142 Ohio St.3d 1411, 2015-Ohio-1099. *Dugan*, however, is distinguishable from the matter before us.

**{¶21}** In *Dugan*, the appellants, who were 65 years of age, owned and occupied a residence in Upper Arlington on January 1, 2007. In May 2007, the appellants purchased and moved into a newly built condominium home in Hilliard. The Hilliard parcel had been subdivided on February 22, 2007, from a larger parcel owned by the condominium developer. The Hilliard parcel did not exist as a stand-alone parcel on January 1, 2007. *Id.* at ¶ 2.

**{¶22}** In May 2007, the appellants applied for a homestead exemption for the Hilliard parcel for tax year 2007. Approximately one month after submitting their application, the appellants sold their Upper Arlington residence. In October 2007, the Franklin County auditor denied appellants' application for homestead exemption because the "'Applicant's name [was] not on [the] deed [for the Hilliard parcel] as of January 1, 2007.'" *Id.* at ¶ 3. Appellants appealed the denial to the board of revision. Following a hearing, the board dismissed appellants' complaint for want of jurisdiction because "'[the Hilliard parcel] did not appear on the tax list and duplicate for tax lien date January 1, 2007.'" *Id.* Appellants appealed to the board of tax appeals ("BTA"), and following a hearing, the BTA affirmed the board's dismissal of appellants' complaint for the same reasons as the board. *Id.*

**{¶23}** Appellants then appealed to the Tenth District Court of Appeals. The court, in looking at R.C. 323.151 through 323.154 and 323.11, found that the denial of appellants' application was proper, because the parcel did not exist as a stand-alone parcel on January 1, 2007, and the plain language of R.C. 323.11 did not establish a new tax lien

date for newly platted parcels. *Id.* at ¶ 24. Rather, R.C. 323.11 permitted the

apportionment of taxes between portions of a parcel that existed as of January 1, based

upon the value as of January 1. *Id.* at ¶ 25. The court stated:

> R.C. 323.151 through 323.154, read in pari materia, belie appellants' claims that the January 1, 2007 tax lien date and their ownership of the Hilliard parcel on that date are irrelevant to a determination of their entitlement to the homestead exemption. First, in compliance with R.C. 323.153(A)(3) and under the authority of R.C. 5715.30, the tax commissioner promulgated the homestead application form, DTE 105A, which specifically requires the applicant to "declare under the penalty of perjury that (1) I occupied this property as my principal place of residence on Jan. 1 of the year(s) for which I am requesting the homestead exemption, (2) I currently occupy this property as my principal place of residence, (3) I did not acquire this homestead from a relative or in-law, other than my spouse, for the purpose of qualifying for the homestead exemption, and (4) I have examined this application, and to the best of my knowledge and belief, this application is true, correct and complete." Thus, contrary to appellants' assertion that the application "does not inquire of an applicant where he lived on January 1 of the application year," the application clearly delineates that the applicant must occupy the property for which the homestead exemption is sought as the applicant's principal place of residence on January 1 of the relevant tax year.
>
> * * *
>
> Secondly, R.C. 323.154 also references the January 1 tax lien date. The statute provides that, upon approval of an application for the homestead exemption, the auditor must issue a certificate of reduction in taxes which states "the taxable value of the homestead on the first day of January of that year."
>
> * * *
>
> Further, R.C. 323.151(A)(1) mandates that the dwelling for which the tax reduction is sought must be "owned and occupied as a home." R.C. 323.152(A)(2) similarly limits the tax reduction to "a homestead owned and occupied" by a qualified applicant. The application form referenced in R.C. 323.153(A)(3) requires the applicant to identify specific characteristics of the dwelling for which the tax reduction is sought, including the type of

dwelling, the address of the dwelling, and the applicant's ownership interest in the dwelling. The application also requires identification of any "additional home(s)" owned by the applicant. In addition, the application requires the applicant to declare under penalty of perjury that the applicant occupied the property as the applicant's principal place of residence, and the instructions for completing the application define principal place of residence.

R.C. 323.154 also ties the homestead exemption to real property. The statute twice references entitlement of the "homestead" to the reduction in real estate taxes. R.C. 323.154 directs the auditor to issue a certificate of reduction to a person who has complied with R.C. 323.153 and "whose homestead * * * the auditor finds is entitled to a reduction." The statute then addresses the contents of a certificate of reduction issued "in the case of a homestead entitled to a reduction." Contrary to appellants' contentions, the statutes governing the procedures for administering the homestead exemption program clearly contemplate application of the tax reduction to a particular homestead owned and occupied by a qualified applicant on January 1 of the relevant tax year.

*Id.* at ¶ 18, 20, 22-23.

{¶24} *Dugan* is distinguishable in two respects. First, the Dugans did not occupy the homestead (their condo) at the time of their application, rather they were claiming an exemption for a parcel of land; and second, the applicable statutes relied on by the *Dugan* court were the versions prior to the latest amendment by the legislature. Unlike the instant case, where both parties are in agreement that DeVan would have been entitled to the homestead exemption had he filed his application before he purchased his Broadview Heights residence in August 2013. Furthermore, DeVan occupied the homestead (a house) at the time of the application, and the current version of R.C. 323.154 no longer references the January 1 tax lien date relied on by the *Dugan* court.

**{¶25}** Indeed, the General Assembly modified the requirements for the approval or denial of the homestead exemption in the current version of R.C. 323.154 by deleting any reference to the January 1 tax lien date. Had the legislature intended for the applicant to reside in the homestead at the time of the application, it would have included such a requirement in R.C. 323.151 through 323.154. Rather, the legislature specifically deleted the January 1 language from the current version of R.C. 323.154. Moreover, had the legislature intended to carve out an exception to the benefit of a late application for applicants who moved during the tax year 2013, it would have done so.

**{¶26}** Therefore, an interpretation of R.C. 323.151 through 323.154 that requires the applicant to occupy the residence as of January 1, 2013, for the tax year 2013 homestead exemption is inappropriate. As a result, the denial of DeVan's homestead application for the tax year 2013 on the basis that he did not own the Broadview Heights residence as of January 1, 2013, is unreasonable.

**{¶27}** Accordingly, the sole assignment of error is sustained.

**{¶28}** Judgment is reversed. The matter is remanded with instructions for the trial court to approve DeVan's homestead exemption application for tax year 2013.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN A. GALLAGHER, J., CONCUR