[Cite as *State v. Beard*, 2021-Ohio-2384.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>Plaintiff-Appellee,<br><br>- v -<br><br>HERBERT M. BEARD, JR.,<br><br>Defendant-Appellant. | CASE NO. 2019-L-165<br><br>Criminal Appeal from the<br>Court of Common Pleas<br><br>Trial Court No. 2018 CR 000740 |

## **O P I N I O N**

Decided: July 12, 2021
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Jay F. Crook* and *Michael L. Hurst*, Jay F. Crook, Attorney at Law, LLC, 30601 Euclid Avenue, Wickliffe, OH 44092 (For Defendant-Appellant).

MARY JANE TRAPP, P.J.

{¶1} Appellant, Herbert M. Beard, Jr. ("Mr. Beard"), appeals his sentence of life imprisonment without parole after pleading guilty to one count of aggravated murder and one count of burglary.

{¶2} Mr. Beard raises three assignments of error on appeal. In his first and third assignments of error, he argues that because R.C. 2953.08(D)(3) precludes appellate review of his sentence, it is unconstitutional and violates the prohibition against cruel and unusual punishment under the Eighth Amendment to the United States Constitution and

Article I, Section IX of the Ohio Constitution and denies him due process under the Fourteenth Amendment to the United States Constitution. Lastly, in his second assignment of error, he contends he was denied due process to appeal his conviction since he could have been sentenced under R.C. 2929.03(A)(1) and was instead sentenced under R.C. 2953.08(D)(3).

{¶3} A review of the record and pertinent law reveals Mr. Beard's assignments of error are without merit.

{¶4} Mr. Beard's sole argument under his first and third assignments of error is that R.C. 2953.08 is unconstitutional because it forecloses appellate review of his sentence. However, the Supreme Court of Ohio recently clarified in *State v. Patrick*, Slip Opinion No. 2020-Ohio-6803, that R.C. 2953.08(D)(3) does not preclude an appeal of a sentence for a murder or an aggravated-murder offense that is based on constitutional grounds. *Id.* at ¶ 22. The court explained that R.C. 2953.02 also provides a statutory right to appeal a sentence to the court of appeals. *Id.* at ¶ 16.

{¶5} Mr. Beard failed to raise a constitutional challenge of his sentence in the trial court, and on appeal, fails to establish a facial constitutional challenge that proves R.C. 2953.08(D)(3) unconstitutional beyond a reasonable doubt, unconstitutional as applied to his sentence, and/or argue that his sentence is grossly disproportionate. Thus, Mr. Beard's first and third assignments of error are without merit.

{¶6} Mr. Beard's second assignment of error presents a case of mistaken statutory interpretation. The trial court did not have discretion to sentence him under either R.C. 2929.03(A)(1) or R.C. 2953.08(D)(3). R.C. 2953.08(D)(3) is not a sentencing statute; rather, it is a means to appeal certain sentences. Mr. Beard was appropriately

2

sentenced for aggravated murder under R.C. 2929.03(A)(1). All defendants convicted and sentenced for aggravated murder or murder, pursuant to R.C. 2929.02 through R.C. 2929.06, are precluded from appellate review of their sentences under R.C. 2953.08(D)(3), but they are not foreclosed from appealing their sentences under R.C. 2953.02.

{¶7}   The judgment of the Lake County Court of Common Pleas is affirmed.

**Substantive and Procedural History**

{¶8}   On July 9, 2018, the Willoughby Police Department received a complaint from Anne Mocnik that a neighbor, victim Sam Pizzuto ("Mr. Pizzuto"), was filling his pool and that it was overflowing and running into her yard. The police attempted but were unable to contact Mr. Pizzuto. Based on the condition of the yard, the full mailbox, the notes on the door summoning Mr. Pizzuto's ex-girlfriend to court, and the unsuccessful calls to reach him made earlier in the day, the police believed it was possible Mr. Pizzuto was in the house and may have suffered some type of medical emergency.

{¶9}   The police decided to conduct a welfare check and found the rear sliding door unlocked. Immediately upon entry, in a small lower-level bedroom, the police observed what appeared to be blood smeared inside a closet. There was also a garbage bag hanging from the door handle with what appeared to be blood on the lower portion. Upon scanning the room further, the officer noticed a body, who was identified as Mr. Pizzuto, lying in the closet with blood spattered jeans. The body appeared to have been lying there for some time, since the "arms had already turned black."

Case No. 2019-L-165

{¶10} The autopsy revealed the preliminary cause of death was blunt force impact to the head and extremities with injuries to the skull, brain, skeletal, and soft tissue. Eight of Mr. Pizzuto's teeth were dislodged from the blunt force impact.

{¶11} Upon further investigation, the police discovered that one of Mr. Pizzuto's two vehicles, a white Dodge van, was missing from the residence. The vehicle was entered as stolen, and Willoughby police dispatch sent out a teletype. The police located the vehicle on E. 275th Street, where it was being driven by Davon Brown ("Mr. Brown"). Mr. Brown told the police he purchased the van for $440 from a posting on Instagram and provided the police with directions to the exact location where the purchase took place. That location was a gas station in the area of E. 77th and Superior Avenue in the city of Cleveland. Upon further investigation, officers came to believe the sellers to be Mr. Beard and Miriah Provitt ("Ms. Provitt"), Mr. Beard's girlfriend and accomplice.

{¶12} When Mr. Brown purchased the vehicle, he noticed that Mr. Beard removed an object from the passenger side sliding door and threw the item over the fence near the gas station. He believed the item was a small pole. When Mr. Brown asked Mr. Beard about the item during the sale of the vehicle, Mr. Beard responded that it was "nothing or something of that nature."

{¶13} Based on this information, Mr. Beard and Ms. Provitt were apprehended. Mr. Beard admitted to killing Mr. Pizzuto on July 1, 2018, with a baseball bat and that the bat was the item he had thrown over the fence at the gas station when he sold Mr. Pizzuto's van to Mr. Brown.

{¶14} After being bound over to the Lake County Court of Common Pleas, and upon Mr. Beard's motion for a competency evaluation, the trial court held a hearing on

4

the issue of Mr. Beard's competence to stand trial. After experts for both the state and the defense testified that Mr. Beard was competent to understand the nature and objective of the proceedings against him and of assisting in his defense, the trial court found him competent to stand trial pursuant to R.C. 2945.371.

{¶15} Subsequently, the Lake County Grand Jury indicted Mr. Beard on twenty counts: (1) aggravated murder, an unclassified felony, in violation of R.C. 2903.01(A); (2) aggravated murder, an unclassified felony, in violation of R.C. 2903.01(B); (3) murder, an unclassified felony in violation of R.C. 2903.02(A); (4) murder, an unclassified felony, in violation of R.C. 2903.02(B); (5) petty theft, a first-degree misdemeanor, in violation of R.C. 2913.02(A)(1); (6) trespass in a habitation when a person is present or likely to be present, a fourth-degree felony, in violation of R.C. 2911.12(B); (7) aggravated burglary, a first-degree felony, in violation of R.C. 2911.11(A)(2); (8) aggravated burglary, a first-degree felony, in violation of R.C. 2911.11(A)(1); (9) burglary, a second-degree felony, in violation of R.C. 2911.12(A)(1); (10) aggravated robbery, a first-degree felony, in violation of R.C. 2911.01(A)(1); (11) aggravated robbery, a second-degree felony, in violation of R.C. 2911.02(A)(3); (12) robbery, a second-degree felony, in violation of R.C. 2911.02(A)(1); (13) robbery, a second-degree felony, in violation of R.C. 2911.02(A)(2); (14) felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(2); (15) felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(1); (16) kidnapping, a first-degree felony, in violation of R.C. 2905.01(A)(2); (17) grand theft of a motor vehicle, a fourth-degree felony, in violation of R.C. 2913.02(A)(1); (18) receiving stolen property, a fourth-degree felony, in violation of R.C. 2913.51(A); (19) tampering

5

with evidence, a third-degree felony, in violation of R.C. 2921.12(A)(1); and (20) tampering with evidence, a third-degree felony, in violation of R.C. 2921.12(A)(2).

{¶16}  Mr. Beard signed a written plea of guilty to murder, an unclassified felony, in violation of R.C. 2903.01(B) (count two), and burglary, a second-degree felony, in violation of R.C. 2911.12(A)(1) (count nine).  Prior to signing his plea of guilty, Mr. Beard acknowledged that the court personally addressed and explained to him the constitutional rights he was waiving by pleading guilty, including the right to appeal if he was convicted at trial.

{¶17}  Consequently, at Mr. Beard's sentencing, the trial court found him to be a violent offender and sentenced him to a term of life in prison without parole on count two (murder) and to a prison term of eight years on count nine (burglary) to be served consecutively.

{¶18}  Mr. Beard appeals, raising three assignments of error:

{¶19}  "[1.] R.C. 2953.08(D)(3) violates the Eighth Amendment, as those sentenced under this statute are exposed to cruel and unusual punishment.

{¶20}  "[2.]  Appellant's trial is one of structural error where he is denied due process to appeal his conviction when sentenced under 2953.08(D)(3).

{¶21}  "[3.] R.C. 2953.08(D)(3) violates the Fourteenth Amendment of the United States Constitution Procedural Due Process."

### R.C. 2953.08(D)(3)

{¶22}  In his first and third assignments of error, Mr. Beard challenges R.C. 2953.08(D)(3) as unconstitutional, arguing it precludes appellate review of his sentence of life imprisonment without parole.  More specifically, Mr. Beard contends that because

6

R.C. 2953.08(D)(3) does not allow sentences for murder and aggravated murder to be appealed under that statute, it constitutes cruel and unusual punishment and violates procedural due process in contravention of the Eighth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Ohio Constitution.

{¶23}  Generally, a constitutional argument that is not raised in the trial court is "'waived and cannot be raised for the first time on appeal.'"  *State v. Burke*, 2016-Ohio-8185, 69 N.E.3d 774 ¶ 15 (2d. Dist.), quoting *State v. Brewer*, 2d Dist. Montgomery No. 26153, 2015-Ohio-693, ¶ 36; *see State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus.  We, however, reserve the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it.  *In re M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus.

{¶24}  Mr. Beard is correct in his assertion that R.C. 2953.08(D) governs review of felony sentencing and prevents appellate review of sentences for aggravated murder under that statutory section.  Specifically, R.C. 2953.08(D)(3) provides that "[a] sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review *under this section*."  (Emphasis added.)

{¶25}  While this case has been pending on appeal, the Supreme Court of Ohio decided *Patrick*, *supra*, where it clarified that R.C. 2953.08(D)(3) is not the exclusive basis for appealing a sentence.  *Id.* at ¶ 15; *see also State v. Kinney*, Slip Opinion No. 2020-Ohio-6822.  "Indeed, R.C. 2953.02 also provides a right to appeal a judgment or final order to the court of appeals '[i]n a capital case in which a sentence of death is imposed for an offense committed before January 1, 1995, *and in any other criminal case * * *.*' (Emphasis added.)  R.C. 2953.02 also provides, 'A judgment or final order of the court of

7

appeals involving a question arising under the Constitution of the United States or of this state may be appealed to the supreme court as a matter of right.' The final judgment for purposes of appeal under R.C. 2953.02 is the sentence." *Patrick* at ¶ 16. Moreover, R.C. 2953.08(D)(3) does not preclude an appellate court's review of a constitutional challenge to a sentence for aggravated murder or murder. *Id.* at ¶ 22.

{¶26} We do not reach the merits of Mr. Beard's first and third assignments of error. As the First District recently noted in *State v. Stumph*, 1st Dist. Hamilton No. C-190318, 2021-Ohio-723, in finding it was not "absolutely" necessary to reach the appellant's constitutional challenges to R.C. 2953.08(D)(3) in that case:

{¶27} "The law is clear that 'courts should avoid reaching constitutional issues if they can decide the case on other grounds.' *DeVan v. Cuyahoga Cty. Bd. of Revision*, 2015-Ohio-4279, 45 N.E.3d 661, ¶ 10 (8th Dist.). Courts should 'not reach constitutional issues unless absolutely necessary.' *See In re D.S.*, 152 Ohio St.3d 109, 2017-Ohio-8289, 93 N.E.3d 937, ¶ 7, quoting *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 9." *Id.* at ¶ 39.

{¶28} Applying these long-standing principles, we elect not to consider the constitutionality of R.C. 2953.08(D)(3) in this case. Mr. Beard's sole argument is that R.C. 2953.08 is unconstitutional because it forecloses appellate review of his sentence. However, in *Patrick*, the Supreme Court of Ohio clearly held that R.C. 2953.08(D)(3) does not preclude all appellate review of sentences imposed for murder and aggravated-murder offenses. Beyond this bare argument, Mr. Beard has failed to establish a facial constitutional challenge that proves R.C. 2953.08(D)(3) unconstitutional beyond a

8

reasonable doubt, that it is unconstitutional as applied to his sentence, and/or argue that his sentence is grossly disproportionate.

{¶29} For these reasons, Mr. Beard's first and third assignments of error are without merit.

## Structural Sentencing Error

{¶30} In his second assignment of error, Mr. Beard contends he was "exposed to structural error" when he was charged with aggravated murder and sentenced to life without parole under R.C. 2953.08(D)(3) instead of being sentenced under R.C. 2929.03(A)(1).

{¶31} Mr. Beard, however, was not sentenced under R.C. 2953.08(D)(3), he was sentenced to life imprisonment without parole pursuant to R.C. 2929.03(A)(1), which states, in relevant part:

{¶32} "(A) If the indictment or count in the indictment charging aggravated murder does not contain one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code, then, following a verdict of guilty of the charge of aggravated murder, the trial court shall impose sentence on the offender as follows:

{¶33} "(1) * * * [T]he trial court shall impose one of the following sentences on the offender:

{¶34} "(a) Life imprisonment without parole;

{¶35} "(b) * * * [L]ife imprisonment with parole eligibility after serving twenty years of imprisonment;

9

Case No. 2019-L-165

{¶36} "(c) * * * [L]ife imprisonment with parole eligibility after serving twenty-five full years of imprisonment;

{¶37} "(d) * * * [L]ife imprisonment with parole eligibility after serving thirty full years of imprisonment;" R.C. 2929.03(A)(1)(a)-(d).

{¶38} Accordingly, Mr. Beard was sentenced to life imprisonment without parole pursuant to R.C. 2929.03(A)(1)(a).

{¶39} Mr. Beard misinterprets R.C. 2929.03(A)(1) and R.C. 2953.08(D)(3). The trial court does not have discretion to sentence Mr. Beard under either R.C. 2929.03(A)(1) or R.C. 2953.08(D)(3), giving those sentenced under R.C. 2929.03(A)(1) a right to appeal their sentence. R.C. 2953.08 governs review of felony sentencing, and subsection (D)(3) prevents review of sentences for aggravated murder and murder under that section. Specifically, R.C. 2953.08(D)(3) provides, "A sentence imposed for *aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code* is not subject to review under this section." (Emphasis added.)

{¶40} Thus, those sentenced for aggravated murder under R.C. 2929.03(A)(1), whether or not they are eligible for parole, are foreclosed from appellate review of their sentences under R.C. 2953.08(D)(3) but, as noted above, are not foreclosed from appellate review of their sentence pursuant to R.C. 2953.02.

{¶41} Mr. Beard's second assignment of error is without merit.

{¶42} The judgment of the Lake County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

10

Case No. 2019-L-165